El Pueblo de Puerto Rico, demandante y apelado, *v.* Wilson Cortés Burgos et al., acusado y apelantes.

Número: M-72-106          Resuelto: 20 de octubre de 1972

*Luis F. Abreu Elías, Fermín B. Arraiza, Baltazar Quiñones Elías, José Rafael Gelpí y Marcos Feliciano,* abogados de los apelantes; *Gilberto Gierbolini, Procurador General, Augusto A. Cirino y Américo Serra, Procuradores Generales Auxiliares,* abogados de El Pueblo.

### RESOLUCION

Vista nuestra Resolución del 6 de septiembre de 1972,[1] no ha lugar a la fijación de fianza solicitada.

Lo acordó el Tribunal y certifica el Secretario.

(Fdo.) José L. Carrasquillo
*Secretario*

---

[1] NOTA DEL COMPILADOR: Dicha Resolución lee:

"Vista las mociones de los apelantes de 7 y 29 de agosto de 1972 y el Memorándum y Orden del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, de agosto de 1972, el Tribunal resuelve lo siguiente:

1.—Habiéndose denegado la fianza solicitada por el tribunal de instancia previa celebración de vista y denegada la misma por este Tribunal de acuerdo a lo dispuesto en la Regla 198 de las de Procedimiento Criminal en razón de que los apuntamientos de error no plantean una cuestión sustancial, y la naturaleza del delito justifican la reclusión de los apelantes mientras se ventila el recurso, y habiendo este Tribunal dictado en esta misma fecha una orden para que se transcriban los incidentes del juicio con preferencia, a la solicitud de fianza contenida en las mociones de 7 y 29 de agosto de 1972, no ha lugar.

2.—Se ordena al tribunal de instancia que altere el orden de preferencia de la transcripción del récord solicitada de manera que la estenotipista pueda dedicarse a transcribir la prueba del caso con la debida diligencia e ininterrumpidamente. A esos efectos, y de acuerdo con la Regla 200 de las de Procedimento Criminal, y a los fines de

—O—

Voto concurrente del Juez Asociado Señor Martínez Muñoz

San Juan, Puerto Rico, a 20 de octubre de 1972

La Resolución del Tribunal dictada en estos casos en el día de hoy tiene mi voto concurrente. Dí mi voto porque en esta fase del proceso los peticionarios no han demostrado merecer que, en el ejercicio de nuestra discreción, se les fije fianza en apelación. Nuestra ley no dispone un derecho absoluto a la fianza en casos como éste. La Regla 198 de las de Procedimiento Criminal que es la que pauta esta materia, por el contrario, dispone claramente que *no se admitirá fianza* en casos de delitos graves en que se imponga pena de prisión. En la parte pertinente la Regla lee:

"[N]o se admitirá fianza en estos últimos casos cuando el recurso entablado no plantee una cuestión sustancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a juicio del tribunal y para la protección de la sociedad, la reclusión del convicto mientras se ventile el recurso."

---

expeditar la terminación de dicha transcripción y el perfeccionamiento y disposición del recurso de apelación en este caso, los apelantes deberán designar, dentro de un término de diez días a partir de la fecha de esta resolución, aquellas porciones de la prueba oral practicada cuya transcripción interesen para perfeccionar la apelación, debiendo notificar dicha designación al fiscal dentro de dicho término de manera que éste pueda actuar, si lo considera procedente, como provee la referida Regla Núm. 200.

(3) La estenotipista en cuestión deberá rendir al tribunal de instancia un informe mensual indicativo del progreso realizado en la transcripción de las porciones de la prueba designadas por los apelantes y dicho tribunal deberá elevar a este Tribunal copia de dicho informe junto con la indicación de las medidas que hubiere tomado, de ser necesarias, para acelerar la terminación del referido trabajo.

Lo acordó el Tribunal y certifica el Secretario. El Juez Presidente, Señor Negrón Fernández, al igual que el Juez Asociado, Señor Hernández Matos, no intervino.

(Fdo.) José L. Carrasquillo
*Secretario"*

Esta regla reconoce la discrecionalidad de la concesión de fianza en apelación. Los criterios que adopta la Regla 198 son los mismos que, junto a varios otros, se siguen en la jurisdicción federal para propósitos similares. Véase Regla 46(a)(2) de las de Procedimiento Criminal Federal ("... unless it appears that the appeal is frivolous or taken for delay. . . .") y 18 U.S.C. sec. 3146 (". . . . the nature and circumstances of the offense . . . the accused's character and mental condition . . . his record of convictions. . . .").

El "Memorandum and Order" de la Corte Federal de San Juan del 28 de septiembre de 1972, basado en los criterios de un Juez de Distrito Federal de Illinois reportado en *United States ex rel. Keating* v. *Bensinger*, 322 F.Supp. 784 (1971), presume la arbitrariedad de los tribunales de Puerto Rico por el hecho de no expresar razones al denegar fianzas en apelación en estos casos.

Esta norma es lesiva a la dignidad de los tribunales estatales. No será ésta la única ni la más importante ocasión en que la ley sanciona el que un tribunal haga ciertas determinaciones sin expresar razones; considérese, por ejemplo, que los tribunales apelativos pueden negarse a expedir autos como el de revisión o *certiorari* sin expresar razones ni celebrar vista y que los tribunales (o jurados) normalmente no expresan conclusiones de hecho o de derecho cuando declaran culpable a un acusado.

Pero es que aun aceptando los principios expuestos en *Keating*, caso que entendemos ha sido apelado al Séptimo Circuito de Apelaciones, los tribunales de Puerto Rico han cumplido esencialmente con los mismos. Tanto el Tribunal Superior de Aguadilla en su Resolución de 23 de septiembre de 1970, como este Tribunal en su Resolución de 6 de septiembre de 1972, expresaron las razones por las cuales denegaron la fianza en apelación de los peticionarios: la falta de sustancialidad del recurso y la naturaleza del delito.

En la fijación de fianzas la ley ha reconocido tradicionalmente una distinción entre la fase *anterior* a la sentencia y la fase *posterior* a la convicción y condena. Compárese la Regla 198 con la Regla 6.1 de las de Procedimiento Criminal. En lo federal se ve también una diferencia en matiz entre las disposiciones 18 U.S.C. sec. 3146 (antes del juicio) y 18 U.S.C. sec. 3148 (en apelación). Nuestra Constitución reconoce implícitamente la distinción: Art. II, sec. 11.

Es lógico que así sea. Al ciudadano le favorece la presunción de inocencia, aun cuando se ha radicado acusación en su contra y se ha determinado causa probable. Pero, una vez ha mediado un proceso judicial que culmina en una adjudicación de culpabilidad más allá de duda razonable, lo más probable es que la adjudicación haya sido correcta. La política pública de respeto al proceso judicial exige que así se presuma. Presumir la arbitrariedad del tribunal estatal, teniendo especialmente en cuenta que los tribunales federales, generalmente, no deben sustituir sus criterios por los de los tribunales estatales, atenta contra la política pública de respeto y deferencia que merece el proceso judicial local.