NOEL LÓPEZ RODRÍGUEZ Y OTROS, demandantes y peticionarios, *v.* DRA. MERCEDES OTERO DE RAMOS, ETC., demandados y recurridos.

*Número:* CE-86-546          *Resuelto:* 31 de diciembre de 1986

*José Enrique Ayoroa Santaliz,* abogado de los peticionarios; *Rafael Ortiz Carrión, Procurador General, Félix A. Fumero Pergliessi, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Los peticionarios resultaron convictos de varios delitos graves y menos graves. (¹) Después de dictarse las sentencias correspondientes, apelaron. Pendiente el perfeccionamiento del recurso, solicitaron que el tribunal les fijara fianza en apelación. El juez sentenciador le concedió un término al Ministerio Público para que expusiera su posición al respecto. En un escrito fundamentado el fiscal se opuso a que se fijara fianza en apelación. El juez de instancia le concedió un término de quince días a la defensa para replicar dicho escrito, lo cual hicieron. Allí informaron los datos personales de los convictos, sus experiencias de trabajo y los antecedentes penales.

El tribunal de instancia, sin celebrar vista, emitió resolución por escrito donde denegaba la solicitud de fianza. Los fundamentos del tribunal están expuestos en su resolución:

> Los peticionarios son miembros y/o están íntimamente vinculados a la notoria pandilla de los hermanos Martínez del Pueblo de Santa Isabel. A éstos se les imputó haber actuado en común acuerdo con los hermanos Martínez y a nuestro juicio la prueba así lo demostró.
>
> A nuestro juicio constituye un peligro para la sociedad concederle fianza en apelación a estos acusados convictos independientemente de que nunca antes hubieren sido convictos anteriormente.

Los peticionarios radicaron el presente recurso titulado Hábeas Corpus. Considerado el mismo como un *certiorari*, le concedimos término al Procurador General para que mostrara causa por la cual no se debía expedir el auto y dictar sentencia revocatoria de la resolución recurrida en vista de lo resuelto en *Pérez Aldarondo* v. *Tribunal Superior*, 102 D.P.R. 1

---

(¹)José Aníbal Reyes Soto, Julio A. Reyes Soto y Luis Torres Rodríguez fueron declarados culpables del delito de infracción al Art. 95 del Código Penal vigente, esto es, del delito de agresión agravada en su modalidad grave. Noel López Rodríguez fue encontrado culpable del delito de secuestro, del delito de agresión agravada en su modalidad grave, y de infracción a los Arts. 6 y 7 de la Ley de Armas de Puerto Rico.

(1974). La comparecencia del Procurador General nos persuade a sostener la actuación del tribunal de instancia.

## I

La Regla 198 de Procedimiento Criminal establece:

Después de convicto un acusado, excepto en el caso de delitos que aparejen pena de reclusión de noventa y nueve (99) años si éste entablare recurso de apelación o de *certiorari* para ante el Tribunal Supremo, se admitirá fianza:

(a) Como cuestión de derecho, cuando se apele de una sentencia imponiendo solamente el pago de multa.

(b) Como cuestión de derecho, cuando se apele de una sentencia imponiendo cárcel en delitos menos graves (*misdemeanors*).

(c) A discreción del tribunal sentenciador, o del Tribunal Supremo, o de uno de sus jueces, en todos los demás casos. No se admitirá fianza en estos últimos casos cuando el recurso entablado no plantee una cuestión sustancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a juicio del tribunal y para la protección de la sociedad, la reclusión del convicto mientras se ventile el recurso. No se admitirá fianza alguna en estos casos sin antes dar al fiscal de la sala correspondiente oportunidad de ser oído. Salvo situaciones de verdadera urgencia o cuando ello resultare impracticable, la solicitud de fianza deberá someterse en primer término al tribunal sentenciador y si éste la negare podrá presentarse al Tribunal Supremo o a uno de sus jueces, acompañada de copias certificadas de la solicitud hecha al tribunal sentenciador y de su dictamen, de una transcripción de la prueba, si se hubiere presentado alguna, y de un breve informe exponiendo las razones por las cuales se considera errónea la resolución.

Los peticionarios sostienen que la Regla 198 obliga a la celebración de una vista como imperativo de ley y del debido proceso de ley. Invocan nuestra decisión en *Pérez Aldarondo v. Tribunal Superior*, supra.

■ En *Pérez Aldarondo* v. *Tribunal Superior*, supra, se planteaba que este Tribunal venía obligado a exponer los fundamentos para la negativa a revisar una decisión del juez de instancia negándose a conceder la fianza en apelación. Esa era la controversia principal a resolverse. Estimamos necesario, sin embargo, hacer unas observaciones sobre el alcance y la naturaleza del derecho a fianza en apelación. Dentro de ese marco fuimos precisos al señalar que ese derecho tiene su fuente no en una disposición constitucional y sí en el ordenamiento procesal promulgado por este Tribunal, en específico la Regla 198; *Pérez Aldarondo* v. *Tribunal Superior*, supra, pág. 5.

Señalamos además, págs. 6–7, que:

No podrían establecerse reglas que definieran y redujesen cada uno de dichos conceptos a una mínima expresión. Tampoco podría señalarse la decisión en un determinado caso como precedente obligatorio puesto que la decisión en cada caso tiene necesariamente que depender de sus particulares hechos. Baste decir que esos conceptos, que hemos recogido del apartado (c) de la Regla 198 que comentamos, señalan en términos generales hacia dos fundamentales consideraciones a tenerse presentes cuando se solicita fianza en una causa apelada para ante este Tribunal. La primera se refiere a la sustancialidad de la cuestión planteada en el recurso. La segunda se refiere a la persona del acusado. En la primera han de examinarse los planteamientos en que se basa el ataque que en apelación habrá de hacerse al fallo del tribunal sentenciador y las probabilidades de éxito de ese ataque. En la segunda han de considerarse la naturaleza del delito y la peligrosidad del acusado para el orden social.

Al considerar ambas cuestiones debe tenerse en mente que el apartado (c) de la Regla 198 no ordena que en determinados casos se admita fianza en apelación. Por el contrario, luego de señalar que el tribunal tiene discreción para ello, prohíbe el ejercicio de esa discreción "cuando el recurso entablado nó plantee una cuestión sustancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a juicio del tribunal y para la protección de

la sociedad, la reclusión del convicto mientras se ventile el recurso." Ante cualquiera de esas situaciones, la Regla 198 prohíbe la concesión de fianza. Así, no se admitirá fianza si el recurso no plantea una cuestión sustancial, independientemente de cuál sea la naturaleza del delito o el carácter y antecedentes del acusado. Tampoco se admitirá fianza si la naturaleza del delito o el carácter y antecedentes penales del acusado mueven al tribunal a concluir que el acusado constituye un peligro para la sociedad, independientemente de que el recurso pueda plantear una cuestión sustancial.

Reiteramos dichos principios. Esas son las guías a seguir por los magistrados de instancia al emitir juicio sobre una solicitud de fianza mientras pende una apelación.

En *Pérez Aldarondo* v. *Tribunal Superior*, supra, págs. 8–9, el tribunal de instancia había celebrado una vista luego de la cual emitió una decisión escrita. Pero en vista de que estábamos exponiendo los principios generales que gobiernan la situación, al pronunciarnos sobre el procedimiento, expusimos lo siguiente:

Para que el tribunal sentenciador pueda estar en condiciones de pasar sobre la sustancialidad del recurso de apelación será necesario que los fundamentos en que se basa se expongan en la moción en solicitud de fianza. Está implícito además en la última oración de la Regla 198 que el tribunal sentenciador viene obligado a celebrar una vista para conocer sobre los méritos de la solicitud. El fiscal de la Sala en que se hubiere celebrado el juicio tendrá derecho a intervenir en dicha vista, en la que podrá presentarse prueba, especialmente sobre el aspecto de "la naturaleza del delito o el carácter y antecedentes penales del acusado."

Una vez concluida la vista el tribunal sentenciador deberá resolver por escrito sin dilación innecesaria. Su dictamen denegando la solicitud de fianza, deberá ser explícito en su exposición, haciendo las determinaciones de hechos que la prueba desfilada durante la vista ameritaren y exponiendo los fundamentos por los cuales, a su juicio, la apelación carece de sustancialidad o la protección de la sociedad impide que el acusado permanezca en el seno de la comunidad, según

fuere el caso. El dictamen deberá ser notificado prontamente al acusado y al fiscal. La Regla 198 no establece un término máximo dentro del cual el acusado podrá solicitar revisión a este Tribunal. No obstante, deberá hacerlo dentro de un término razonable considerando las circunstancias del caso. (Escolio omitido.)

Vistos dichos antecedentes y en consideración a que no era necesario resolver el punto en dicha decisión, el señalamiento de que está implícito en la Regla 198 que el tribunal viene obligado a celebrar una vista para conocer sobre los méritos de la solicitud, constituye un *dictum* que no nos obliga.

Independientemente de lo anterior, veamos si la Regla 198 exige, como imperativo de ley, que siempre y en todos los casos se celebre una vista antes de que se deniegue una solicitud de fianza en apelación.

Dicha regla dispone que:

. . . No se admitirá fianza alguna en estos casos sin antes dar al fiscal de la sala correspondiente oportunidad de ser oído.

De manera que lo único que exige la Regla 198 es que se le conceda oportunidad al fiscal de ser oído. Véase que en este respecto la Regla 198 es prácticamente idéntica a los Arts. 374 y 376 del anterior Código de Enjuiciamiento Criminal de 1935. ([2])

La única regla que exige que después de la convicción se le dé audiencia a la persona convicta es la Regla 218 (c) (2) de las Reglas de Procedimiento Criminal:

---

([2]) Que establecían en lo pertinente lo siguiente:

34 L.P.R.A. ant. sec. 1215: *"Disponiéndose,* además, que no se admitirá fianza alguna sin antes dar al fiscal de la corte correspondiente oportunidad de ser oído."

34 L.P.R.A. ant. sec. 1217: "Cuando la admisión de la fianza esté sujeta a arbitrio del tribunal, éste o el funcionario a quien se haga la petición, exigirá se le dé un aviso anticipado razonable para comunicarlo al fiscal del distrito." Véase al respecto *Pérez Aldarondo* v. *Tribunal Superior,* 102 D.P.R. 1 (1974) esc. 2.

(2) *Después de la convicción:* El tribunal o juez que hubiere fijado fianza en apelación tendrá facultad para aumentar o rebajar la cuantía de la fianza cuando a su juicio las circunstancias lo ameritaren y previa audiencia al fiscal y al acusado si tuvieren a bien comparecer después de haber sido citados.

■ Resolvemos que la Regla 198 no exige, como imperativo de ley, que los tribunales de instancia celebren una vista antes de denegar una solicitud de fianza en apelación. En lo que la decisión de *Pérez Aldarondo* v. *Tribunal Superior,* supra, esté en conflicto con la norma que adoptamos, la misma queda revocada.

■ Al así resolver hemos considerado, además, el principio seguido por los tribunales federales de que si bien no existe el derecho constitucional a fianza en apelación, una vez el Estado lo otorga, no puede denegarlo arbitrariamente. *Finetti* v. *Harris,* 609 F.2d 594 (1979) [3] ; *Brown* v. *Wilmot,* 572 F.2d 404 (1978) ; LaFave, *Criminal Procedure,* St. Paul, Minnesota, West Pub. Co., 1984, pág. 55. Por ser una norma sabia la adoptamos y seguimos en este caso. Pero resolver la solicitud de fianza tomando como base la prueba desfilada en el juicio, las constancias de los autos y las posiciones asumidas por el fiscal y la defensa en sus escritos en torno a si procede la fianza en apelación, no resulta, de su faz, arbitrario.

Por lo tanto, no se violan los derechos de los convictos por el hecho de que no se celebre una vista antes de resolver una solicitud de fianza en apelación.

Establecida la doctrina, veamos si en este caso era necesaria la vista.

---

[3]*Finetti* v. *Harris,* 609 F.2d 594 (1979), resuelve que el hecho de que no se expongan las razones para la negativa no resulta arbitrario desde el punto de vista constitucional. Reiteramos, sin embargo, la norma de *Pérez Aldarondo* v. *Tribunal Superior,* supra, de que la decisión del tribunal de instancia debe estar fundamentada.

■ Debemos tener presente que en *Pérez Aldarondo* v. *Tribunal Superior*, supra, resolvimos, que ante cualquiera de las situaciones —que el recurso no plantee una cuestión sustancial o cuando la naturaleza del delito o el carácter y antecedentes penales aconsejen la reclusión del convicto— la Regla 198 prohíbe la concesión de la fianza.

Para resolver si el recurso plantea una cuestión sustancial y sus probabilidades de éxito, de ordinario resulta innecesaria la celebración de una vista.

Es la segunda consideración —la naturaleza del delito y la peligrosidad del acusado para el orden social— la que en la mayoría de los casos puede suscitar controversias de hecho que ameriten la celebración de una vista para dilucidarlas.

En el caso ante nos el tribunal de instancia denegó las solicitudes de fianza a base de la segunda consideración, o sea, la naturaleza de los delitos, la forma en que fueron cometidos y la peligrosidad de los acusados. Antes de ello le concedió al fiscal la oportunidad de ser oído y luego le concedió a la defensa una oportunidad adicional, también por escrito, para replicar la posición del fiscal.

Un examen integral de los tres escritos nos convencen de que en ningún momento la defensa presentó una controversia de hechos que inexorablemente obligara al tribunal a celebrar una vista. Las determinaciones del tribunal están basadas exclusivamente en las constancias de los autos, y en especial en la prueba desfilada durante el juicio. Para llegar a dichas determinaciones y estar este Tribunal en condiciones de revisarlas, no era indispensable ni necesario celebrar una vista. (4)

---

(4) Aunque reconocemos que están envueltos procedimientos y derechos distintos, parafraseamos lo expuesto en *Ortiz Serrano* v. *Ortiz Díaz*, 106 D.P.R. 445 (1977), que el requerir la celebración de una vista en todos los casos, especialmente si de la faz de la moción es evidente su carencia de méritos, sería obligar a un ejercicio inútil. Allí se resolvió que al considerar una moción bajo la Regla 49.2 de Procedimiento Civil, si la parte invoca razones válidas que requieran la presentación de prueba para sustanciarlas, la celebración de una vista será mandatoria, sin que ello tenga el alcance de requerir la celebración de vista indiscriminadamente.

■ Por último, al establecer la norma y confirmar la decisión del tribunal de instancia, no estamos dándole una vía franca a los jueces de instancia para que indiscriminadamente y en forma arbitraria resuelvan las solicitudes de fianza en apelación sin celebrar vista. En caso de duda sobre si están presentes los criterios que fija la Regla 198 y en todo caso en que exista una controversia de hechos sobre un aspecto determinante y sustancial debe celebrarse una vista. Los jueces de instancia deben considerar las circunstancias particulares de cada caso para que ejerzan sabiamente la discreción que les estamos reconociendo. Si hay abuso de discreción, ya sea por no celebrar una vista en los casos apropiados o al considerar los méritos de la solicitud, intervendremos para corregir dicho abuso.

Como en este caso la decisión es conforme a derecho y no hubo abuso de discreción, *se expedirá el auto y se confirmará la resolución del tribunal de instancia.*

El Juez Asociado Señor Rebollo López emitió opinión disidente.

—O—

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

No hay duda que la ola de criminalidad que azota a nuestro Puerto Rico es, y debe ser, causa de profunda y particular preocupación para todas las personas que tienen que ver de una u otra forma con la administración de la justicia en este país. Es un hecho incuestionable que nuestra ciudadanía vive momentos de terror y zozobra con motivo de la misma. Ya no se trata de leer en los distintos rotativos sobre situaciones y personas —desconocidas para nosotros— que han sido víctimas de los desmanes de un forajido. Hoy día prácticamente todas y cada una de las familias puertorriqueñas han experimentado en carne propia la angustia indescriptible que causa el haber sido objeto de un crimen. Definitivamente ha llegado

el momento de actuar; ello constituye un deber ineludible para cada uno de los funcionarios de este Gobierno que laboramos día a día en la administración de la justicia.

Existen, sin embargo, distintas formas y maneras de combatir el problema: algunas correctas, otras desacertadas.

Somos del criterio que se combate efectivamente la criminalidad, entre otros, nombrando cada día más y mejores agentes del orden público; entrenando adecuadamente a aquellos que ya forman parte de la fuerza policiaca; nombrando fiscales que estén capacitados para desempeñar dichos cargos, ofreciéndoles a éstos cursos de mejoramiento profesional que les permitan competir de igual a igual con los abogados en la práctica privada de la profesión; designando jueces a nivel de instancia verdaderamente competentes y aprobando la legislación necesaria para que éstos nunca puedan ser objeto de presiones e influencias extrañas al ejercicio de sus cargos; mejorando los salarios de todos los antes mencionados funcionarios públicos para así poder atraer, y evitar el éxodo de, los competentes; concediéndole a la Rama Judicial la tan necesaria autonomía fiscal para que ésta pueda implementar los programas que son necesarios; construyendo y manteniendo prisiones adecuadas y seguras que no sólo le brinden lo necesario a los convictos de delito sino que impidan que éstos se escapen impunemente de las mismas; aprobando legislación adecuada que impida que le sea concedida libertad bajo palabra a reclusos que no lo ameritan; etcétera.

Ahora bien, la criminalidad que todos padecemos y sufrimos definitivamente no se combate eliminando de un plumazo —sin necesidad para ello— las *garantías procesales* que a través de los años este Tribunal ha considerado prudente y procedente en derecho reconocerles a toda persona que es acusada y convicta de la comisión de un delito público. Somos del criterio que la decisión que hoy emite este Tribunal no sólo es innecesaria y errónea sino que lamentablemente es el producto de una noción equivocada por parte de una mayoría de los

señores jueces que componen el Tribunal respecto a la forma de combatir la criminalidad, lo cual causa que la misma resulte inquietante por cuanto ésta puede constituir el comienzo de una tendencia a esos efectos.

El problema de la criminalidad que hoy confrontamos, repetimos, no se derrota eliminando el derecho a la celebración de una vista sobre fianza en apelación que hace doce (12) años inequívoca y expresamente le concedimos a toda persona que, habiendo sido convicta de la comisión de un delito grave, apela para ante este Tribunal de la sentencia de reclusión que le ha sido impuesta. Después de todo debe recordarse que dichas personas, al momento de la solicitud y celebración de la vista, ya no representan peligro alguno para la sociedad puesto que han sido arrestadas, juzgadas, y se encuentran privadas de su libertad bajo la custodia de las autoridades pertinentes.

La norma implantada —*hoy revocada*— por este Tribunal en el caso normativo de *Pérez Aldarondo* v. *Tribunal Superior*, 102 D.P.R. 1 (1974), era una norma sabia. Escuchar nunca le ha hecho daño a nadie. Por el contrario, si algo demuestra la experiencia es que el hacerlo impide que actuemos impensada y apresuradamente, lo que a su vez, tiende a evitar las equivocaciones; esto es, que cometamos injusticias que luego tengamos que lamentar.

Dicha vista no beneficiaba en nada al criminal empedernido que merece y debe estar en la prisión. La misma únicamente podía resultar de ayuda a aquel acusado que, no obstante haber sido declarado convicto por el juzgador de los hechos, podía demostrar, mediante prueba al efecto y a satisfacción del tribunal, que permaneciendo en libertad no representaba peligro alguno para la sociedad y que contaba con buenos fundamentos en derecho para prevalecer en apelación. ¿Por qué no brindarle la oportunidad de poder demostrarlo adecuadamente en una vista?

Por otro lado, la experiencia a través de los doce (12) largos años en que ha estado vigente la referida norma demues-

tra que la implantación de la misma ni ha resultado onerosa para el Estado ni ha causado mayor alteración o perjuicio en el curso normal de los procedimientos a nivel de instancia. Es por ello que su revocación por una mayoría de los señores que componen el Tribunal sorprende y llama tanto la atención.

La *nueva* norma, implantada mediante la decisión que hoy se emite, tiene un "extraordinario parecido" con aquella que rige, en casos civiles, los procedimientos contemplados por la Regla 49.2 de Procedimiento Civil de 1979. *Ortiz Serrano* v. *Ortiz Díaz*, 106 D.P.R. 445 (1977). Ello resulta ciertamente inquietante.

Los que pretenden equiparar los procedimientos bajo las Reglas de Procedimiento Civil a aquellos reglamentados por las Reglas de Procedimiento Criminal deben siempre recordar que existe una notable y profunda diferencia entre ambos procedimientos. Bajo el primero, se trata de la protección de "derechos propietarios"; en el segundo está envuelto "algo" mucho más importante: el derecho a la libertad.

La decisión hoy emitida tiene, en adición, un efecto adverso sobre nuestra función revisora. La celebración de la vista relativa a la solicitud de fianza en apelación y la resolución que —con determinaciones de hecho explícitos con base a la prueba allí desfilada por ambas partes— venían en la obligación de emitir los tribunales de instancia resultaba de extraordinaria ayuda en la labor de revisión que de dichos procedimientos este Tribunal tiene la obligación y, responsabilidad de realizar.

Por último, la decisión mayoritaria pretende evitar la crítica aquí consignada haciendo constar que la misma no constituye "una vía franca a los jueces de instancia para que indiscriminadamente y en forma arbitaria resuelvan las solicitudes de fianza en apelación, sin celebrar vista" y que en "caso de duda sobre si están presentes los criterios que fija la Regla 198 y en todo caso en que exista una controversia de hechos sobre

un aspecto determinante y sustancial debe celebrarse una vista".

Dicha "norma" no sólo es utópica sino que constituye precisamente lo que el Tribunal expresa que no debe ser: una "vía franca" para que se cometan abusos de discreción; con el agravante de que este Tribunal, con toda probabilidad, no tendrá otra alternativa que "refrendar" los mismos. *La mejor prueba de lo anteriormente expresado lo constituye precisamente el presente caso.*

## I

Como sabemos la Regla 198 de Procedimiento Criminal dispone, en lo pertinente, que no se admitirá fianza en apelación "cuando el recurso entablado no plantee una cuestión sustancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a juicio del tribunal y para la protección de la sociedad, la reclusión del convicto mientras se ventile el recurso". En otras palabras, para que un convicto de delito grave pueda lograr permanecer en libertad mientras se dilucida su apelación tiene que "convencer" al tribunal de instancia —o a este Tribunal— que su recurso plantea, por lo menos, una cuestión sustancial de derecho y que él no representa peligro para la sociedad.

En el presente caso, no hay duda que se cumple con el primero de los requisitos, esto es, que el recurso plantea una cuestión sustancial. ([1]) *Está en controversia el segundo de los requisitos.* Los peticionarios alegaron ante el foro de instancia —y plantean ante nosotros— que ellos no representan peligro alguno para la sociedad. A esos efectos alegan que no tienen antecedentes penales y que pueden presentar prueba de su "no

---

([1]) Se plantea que el tribunal de instancia cometió error al negarse, *sin causa justificada,* a aceptar la renuncia que de su derecho a juicio por jurado realizaron los aquí peticionarios *al ser llamado el caso para juicio.*

peligrosidad" en la vista que el tribunal de instancia se ha negado a celebrar.

El foro de instancia denegó la solicitud de fianza en apelación, sin celebrar vista, expresando que a su juicio los peticionarios constituyen un peligro para la sociedad por cuanto la prueba desfilada durante el juicio demostró que ellos eran "miembros y/o estaban íntimamente vinculados a la notoria pandilla de los hermanos Martínez del Pueblo de Santa Isabel". ([2])

Este Tribunal confirma y refrenda dicha actuación. De acuerdo a la nueva norma implantada, ¿no se supone que un tribunal de instancia venga obligado a celebrar vista en *"caso de duda* sobre si están presentes *los criterios* que fija la Regla 198 y *en todo caso en que exista una controversia de hechos sobre un aspecto determinante y sustancial"*? (Énfasis suplido.)

¿Cómo es factible que ello así pueda ser demostrado por los aquí peticionarios si no se le concede la vista que solicitan precisamente con ese propósito? Para poder determinar si el fundamento aducido por el foro de instancia encuentra o no apoyo en la prueba desfilada durante el juicio, ¿acaso no se tendrá que esperar a que se eleve la exposición narrativa de *toda* la prueba desfilada o de la transcripción de la evidencia de la misma? ¿Cuándo será eso? ¿No será ya muy tarde para pasar juicio sobre si los peticionarios tienen derecho a permanecer en libertad *en lo que se dilucida su apelación*? ¿No es más aconsejable que las dos partes tengan la oportunidad de presentar su prueba sobre ese aspecto en una vista señalada exclusivamente a esos efectos, propiciándose de esa forma la revisión de la resolución emitida por la parte perdidosa ante este Tribunal en una forma responsable e inmediata?

---

([2]) Recordamos las expresiones vertidas por este Tribunal en *Pueblo* v. *Ayala Ruiz*, 93 D.P.R. 704, 706 (1966), a los efectos de que este Tribunal no debe sancionar "en nuestro medio el encausamiento de determinadas personas que se reputan como infractores de la ley *(crime by reputation)*".

.

¿No constituye la presente decisión el mejor ejemplo de que la *nueva norma* implantada constituye una "vía franca" para que algunos jueces de instancia resuelvan las solicitudes de fianza en apelación, sin celebrar vista, en una forma arbitraria e indiscriminada? ¿Tenemos ante nosotros alguna prueba que sostenga la conclusión del tribunal de instancia de que los peticionarios constituyen un peligro para nuestra sociedad? ¿Cómo es posible que una mayoría de los señores jueces que componen este Tribunal entiendan que están en óptimas condiciones, en estos momentos y bajo estas circunstancias, de pasar juicio sobre la corrección de la actuación del foro de instancia en el presente caso?

No estamos dispuestos a "dispensar" justicia de esta forma y manera. Es por ello que disentimos.