EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Edgardo Arlequín Vélez<br><br>Recurrido | 2016 TSPR 39<br><br>194 DPR ____ |

Número del Caso: CC-2016-50

Fecha: 10 de marzo de 2016

Abogado de la parte Peticionaria:

       Lcdo. Guillermo Garau Díaz
       Fiscal Especial Independiente

       Lcdo. Ramón Mendoza Rosario
       Fiscal Delegado


Abogado de la parte Recurrida:

       Lcdo. Carlos García Morales
       Lcdo. Carlos Padilla Montalvo

Materia: Sentencia con Opinión de Conformidad y Opinión Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico | | |
| Peticionario | | |
| v. | CC-2016-0050 | |
| Edgardo Arlequín Vélez | | |
| Recurrido | | |

SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2016.

El 22 de enero de 2016 la parte peticionaria, presentó ante nuestra consideración una *Petición de Certiorari* acompañada de una moción en auxilio de jurisdicción. El 9 de febrero de 2016 ordenamos la paralización de los procedimientos en los tribunales *a quo* y concedimos un término de cinco (5) días para que el recurrido mostrara causa por la cual no debíamos revocar la Resolución dictada por el Tribunal de Apelaciones el 19 de enero de 2016, mediante la cual se concedió al recurrido una fianza en apelación.

Por estar igualmente dividido el Tribunal, se expide la *Petición de Certiorari* de autos y se confirma la Resolución recurrida del Tribunal de Apelaciones.

Notifíquese inmediatamente por teléfono, correo electrónico y por la vía ordinaria.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emite una opinión de conformidad a la cual se unen la Jueza Presidenta Oronoz Rodríguez, la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Feliberti Cintrón. La Jueza Asociada señora Pabón Charneco emite una opinión disidente a la cual se une el Juez Asociado señor Rivera García. Los Jueces Asociados señores Kolthoff Caraballo y Estrella Martínez disienten sin opinión escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

       v.

                                   CC-2016-0050

Edgardo Arlequín Vélez

     Recurrido

Opinión de Conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES, a la que se unió la Jueza Presidenta ORONOZ RODRÍGUEZ, la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ y el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 10 de marzo de 2016.

Opino que el Sr. Edgardo Arlequín Vélez solicitó fianza en apelación como exige el ordenamiento y que el Tribunal de Apelaciones no erró al concederla. Por eso, estoy conforme con la Sentencia que hoy se certifica y que permite que la apelación del señor Arlequín Vélez prosiga su curso sin mayor dilación.

I.

El 17 de diciembre de 2015, el Tribunal de Primera Instancia, Sala Superior de Ponce, emitió un fallo de culpabilidad y, a petición del

convicto, lo sentenció ese mismo día. La sentencia condenatoria consistió en una pena de cuatro años de reclusión por violación del Art. 4.2(b) de la Ley de Ética Gubernamental de Puerto Rico de 2011, 3 LPRA sec. 1857a(b), y seis meses de cárcel, a ser cumplidos concurrentemente, por transgresión del Art. 135 del Código Penal de 2012, según enmendado, 33 LPRA sec. 5196. Al día siguiente, el señor Arlequín Vélez presentó una moción de reconsideración en la que, en síntesis, alegó que procedía imponerle una restricción domiciliaria en lugar de la pena de cárcel. Posteriormente, el foro primario citó a las partes a una vista el 21 de diciembre de 2015, para escuchar los argumentos en torno a la moción de reconsideración. **No hay controversia de que en ese mismo día, luego de que las partes argumentaron sus respectivas posiciones, el tribunal sentenciador proveyó no ha lugar en corte abierta a la moción de reconsideración. Ambas partes lo aceptan.** Véanse: Apéndice, págs. 45, 75-76; Escrito para Mostrar Causa, pág. 2. En esa circunstancia, igual que cuando se apela la sentencia según la Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193, el término para apelar comienza inmediatamente. No es necesaria ninguna notificación escrita.

Insatisfecho, el señor Arlequín Vélez presentó un primer recurso de apelación el 21 de diciembre de 2015. Ese día también presentó una moción de fianza en apelación ante el Tribunal de Primera Instancia. Oportunamente, el

Panel sobre el Fiscal Especial Independiente (FEI) se opuso a esa petición de fianza. El foro primario denegó la petición de fianza, sin aducir fundamentos. Apéndice, pág. 60. Posteriormente, como faculta la Regla 198 de Procedimiento Criminal, 34 LPRA Ap. II R. 198, el señor Arlequín Vélez presentó la misma petición de fianza, esta vez con carácter de urgencia, ante el Tribunal de Apelaciones.

Ahora bien, mientras se dilucidaba esa otra moción de fianza apelativa, el señor Arlequín Vélez notó un supuesto defecto jurisdiccional en su primera apelación. Ese "defecto" consistió en que presentó la apelación antes de que el foro primario notificara por escrito su determinación en torno a la solicitud de reconsideración, a pesar de haberla resuelto en corte abierta el 21 de diciembre de 2015. En vista de esto, el 7 de enero de 2016, el convicto presentó una moción en la que "reconoció" que la primera apelación era prematura y anunció la presentación de una segunda apelación, idéntica a la primera, junto a otra petición urgente de fianza en apelación. Apéndice, págs. 75-76. No obstante, el señor Arlequín Vélez no desistió de la primera apelación y únicamente solicitó el remedio que procediese en Derecho. **No surge del expediente que el FEI se opusiera a alguna de las peticiones de fianza en el Tribunal de Apelaciones.** Solo surge que el FEI señaló que la primera apelación era "prematura". Apéndice, págs. 105-106.

Mientras ambos escritos de apelación pendían ante el Tribunal de Apelaciones y sin pronunciarse sobre la moción en la que se reconocía que el primer recurso *podría* ser prematuro, un panel especial atendió la petición de fianza presentada en la segunda apelación por el señor Arlequín Vélez ante ese foro.[1] En ese momento, el tribunal apelativo intermedio determinó que solo podía adjudicar ese reclamo a través de un recurso de <u>certiorari</u>, por lo que rehusó considerar los méritos de la petición de fianza. Luego, el 12 enero de 2016, aunque tampoco se pronunció explícitamente en torno a la moción que presentó el señor Arlequín Vélez el 7 de enero de 2016, otro panel de jueces emitió una resolución en la que consolidó ambas apelaciones.

En desacuerdo con el manejo de su petición de fianza por parte del panel especial, el señor Arlequín Vélez presentó una moción urgente de reconsideración el 15 de enero de 2016. Esta moción fue atendida por el panel regular que consolidó las apelaciones, y no por el panel especial que atendió la petición de fianza. Luego de analizar el expediente y la posición de las partes, ese segundo panel concedió la petición de fianza apelativa en el caso consolidado.

---

[1] Ese panel especial se constituyó mediante la Orden Administrativa Núm. TA-2015-234 para atender recursos urgentes, debido a las vacaciones programadas de los jueces que componen el Tribunal de Apelaciones y los cierres parciales decretados por la Jueza Presidenta.

En su resolución, el Tribunal de Apelaciones concluyó que la apelación presentaba dos planteamientos sustanciales de derecho. Específicamente, razonó que la argumentación del señor Arlequín Vélez sobre la aplicación de las penas alternativas del Código Penal a su caso y sus señalamientos en torno a que no se pasó prueba de la violación del Art. 4.02(B) de la Ley de Ética Gubernamental, supra, eran planteamientos sustanciales. Incluso, aunque no es requerido por la Regla 198(c) de Procedimiento Criminal, infra, determinó que ambos planteamientos además de sustanciales, eran noveles. El Tribunal de Apelaciones también evaluó el expediente y la argumentación en oposición del FEI **ante el Tribunal de Primera Instancia**, y no encontró indicios de que el señor Arlequín Vélez tuviera antecedentes penales, que hubiera riesgo de fuga, que constituyera un peligro para la sociedad ni que existiera otra razón que aconsejara la reclusión del peticionario mientras se atendía su apelación en los méritos. Apéndice, pág. 5. Por eso, ese tribunal ordenó al foro primario que impusiera fianza en apelación, sujeta a cualquier condición que estimara apropiada. Consecuentemente, el Tribunal de Primera Instancia le fijó una fianza de $100,000 al señor Arlequín Vélez y le requirió permanecer en restricción domiciliaria ("lockdown"), bajo supervisión electrónica. También, le ordenó consignar su pasaporte en la Secretaría del

Tribunal y le prohibió cualquier tipo de contacto directo o indirecto con la víctima.

Inconforme, el FEI recurrió ante nos mediante una petición de certiorari y una moción en auxilio de jurisdicción de la resolución interlocutoria del Tribunal de Apelaciones que concedió la solicitud de fianza. El 9 de febrero de 2016, paralizamos los procedimientos y emitimos una Resolución en la cual le ordenamos al señor Arlequín Vélez mostrar causa por la cual no debíamos revocar la resolución del foro apelativo intermedio que le concedió fianza en apelación. Oportunamente, este compareció y expuso las razones por las que entiende que debemos sostener el dictamen recurrido.

## II.

A. La Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194, dispone que una apelación criminal se formaliza con la presentación de un escrito de apelación en la secretaría del Tribunal de Primera Instancia que dictó la sentencia condenatoria o en la secretaría del Tribunal de Apelaciones. Ese escrito tiene que presentarse dentro de los treinta días siguientes a la fecha en la que se dictó la sentencia. La referida disposición establece que en los casos en los que se presenta una oportuna moción de reconsideración o de nuevo juicio ese término comienza a decursar luego de que el tribunal notifique una resolución en la que adjudique la moción. Pueblo v. Santana Rodríguez, 148 DPR 400, 404-405 (1999). En ese sentido,

una apelación presentada previo a que el foro sentenciador notifique su sentencia o resolución, es, irremediablemente, prematura. Íd. Como se sabe, un recurso prematuro priva de jurisdicción a un tribunal sin perjuicio de que la parte afectada presente el mismo recurso nuevamente en el momento apropiado. Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., 2015 TSPR 148, pág. 13, 194 DPR ___ (2015).

Ahora bien, el 27 de noviembre de 2013, se aprobó la Ley Núm. 140-2013 para, entre otras cosas, enmendar la Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194 (Supl. 2015), y establecer que cuando el Tribunal de Primera Instancia dicta sentencia o resuelve una moción de reconsideración o de nuevo juicio en corte abierta y en presencia del convicto, el término para recurrir comienza en ese momento. Es decir, no hace falta esperar a recibir la notificación por la vía ordinaria. Así, la nueva versión de la regla dispone, en lo pertinente, de la siguiente forma: "Cuando la persona estuviese presente en la sala al momento de ser dictada la sentencia o resolución, **el término se calculará a partir de ese momento**". (Énfasis suplido) Íd. Por supuesto, en los casos en los que el Tribunal de Primera Instancia se abstenga de resolver en corte abierta, el término para recurrir comienza a decursar a partir de la notificación. Regla 194 de Procedimiento Criminal, Íd.

B. El señor Arlequín Vélez presentó su primera apelación tan pronto el foro sentenciador denegó su reconsideración en corte abierta, lo que activó el término para recurrir ante el Tribunal de Apelaciones. Aunque posteriormente este presentó un escrito en el que "advirtió" al foro apelativo intermedio que su primera apelación **podía** ser prematura, esto no tuvo efecto alguno, pues ni siquiera desistió del recurso. De hecho, en su escrito, lo único que el señor Arlequín Vélez solicitó fue el remedio que procediera en Derecho. Después de todo, le corresponde a los tribunales, no a las partes, adjudicar la existencia de jurisdicción. Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., supra, pág. 9.

Así, pues, la primera apelación del señor Arlequín Vélez no era prematura y el Tribunal de Primera Instancia tenía autoridad para considerar los méritos de la petición de fianza. Consecuentemente, la petición de fianza que se presentó en el Tribunal de Apelaciones siguió el trámite ordinario que establece la Regla 198(c) de Procedimiento Criminal, infra, y no estaba sujeta a la existencia de circunstancias excepcionales.

III.

A. Como sabemos, en nuestro ordenamiento no existe un derecho absoluto a la fianza en trámites posteriores a la sentencia. López Rodríguez v. Otero Ramos, 118 DPR 175, 182 (1986). Ese es el resultado de la ausencia de la presunción de inocencia después de que el acusado es

hallado culpable. E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Tercer Mundo Editores, 1992, Vol. II, pág. 475. Por esa razón, le corresponde al convicto poner en posición al tribunal para determinar si procede la imposición de fianza en apelación. Íd. Las Reglas 198(a) y 198(b) de Procedimiento Criminal, 34 LPRA Ap. II, Rs. 198(a), 198(b), otorgan el derecho a ser excarcelado mediante el pago de fianza cuando la condena solo establece el pago de una multa o cuando se trata de una condena de cárcel por un delito menos grave. En los demás casos, debe demostrarse, a satisfacción del tribunal, que el recurso apelativo plantea una cuestión sustancial en derecho y que la naturaleza del delito, el carácter del peticionario y sus antecedentes penales no aconsejan denegar su petición. Regla 198(c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 198(c).

En Pérez Aldarondo v. Tribunal Superior, 102 DPR 1 (1974) (revocado en otros aspectos), tuvimos la oportunidad de abordar el alcance de la fianza en apelación según establecida en la Regla 198 de Procedimiento Criminal. Concluimos que cuando la Regla 198(c) requiere la existencia de cuestiones sustanciales lo que compele es a analizar si alguno de los errores señalados tiene **probabilidades** de éxito. Íd., pág. 6. Nótese que no se requiere concluir que el peticionario tendrá éxito en sus planteamientos, sino que tiene

probabilidades de prevalecer. En ese sentido, "[p]ara que el tribunal sentenciador pueda estar en condiciones de pasar [juicio] sobre la sustancialidad del recurso de apelación será necesario que los fundamentos en que se basa se expongan en la moción en solicitud de fianza". Íd., pág. 8. No obstante, recordemos que en la adjudicación de una petición de fianza no se juzgan los méritos de una apelación, sino que se considera **preliminarmente** que alguno de los argumentos planteados en el escrito tiene el **potencial** de prevalecer en su día. Por esa razón, no puede exigirse una disertación exhaustiva en torno a la sustancialidad de lo alegado en la apelación. Además, obligar a un tribunal a desarrollar un tratado de derecho para simplemente conceder **una fianza** contradice el esquema de urgencia que establece la Regla 198 de Procedimiento Criminal, supra. Pérez Aldarondo v. Tribunal Superior, supra, pág. 9.

La Regla 198(c) de Procedimiento Criminal, supra, no requiere inflexiblemente postergar la evaluación de la petición de fianza hasta la presentación de los alegatos de las partes o de la transcripción de la prueba. Esa omisión no es accidente, pues cuando el error planteado es uno de estricto derecho, no hay que aplazar la consideración de una petición de fianza a la presentación de una transcripción de la prueba. Así, considero que el trámite de una petición de fianza dependerá de las

particularidades de cada caso, lo que excluye el establecimiento de una regla rígida so pena de nulidad.

Como adelanté, la Regla 198(c) de Procedimiento Criminal, supra, también requiere la consideración de otros aspectos previos a conceder una petición de fianza en apelación. Es decir, no importa cuán sustanciales sean los errores planteados, cuando exista riesgo de fuga, o cuando la naturaleza del delito o el carácter del convicto aconsejen su reclusión, no se concederá la fianza. López Rodríguez v. Otero de Ramos, 118 DPR 175, 179-180 (1984). En esta determinación importante, el tribunal puede, a su discreción, ordenar la celebración de una vista para evaluar el carácter del convicto y la seguridad social. Sin embargo, no está obligado a hacerlo cuando pueda realizar este ejercicio a base del récord disponible y la posición de las partes. Íd., págs. 182-183. Al tratarse de un derecho estatutario, hemos reconocido que la decisión del tribunal deberá estar fundamentada. De lo contrario, estaremos ante un abuso de discreción. Íd., pág. 182.

Por último, la Regla 198(c) de Procedimiento Criminal, supra, establece que si el foro sentenciador deniega la fianza en apelación, esa petición se puede presentar nuevamente ante el Tribunal de Apelaciones.[2] Además, provee

---

[2] La Regla 198(c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 198(c), dispone en lo pertinente: "Salvo situaciones de verdadera urgencia o cuando ello resultare impráctico, la solicitud de fianza deberá someterse en primer término al tribunal sentenciador y si éste la negare podrá presentarse al Tribunal de Circuito de
(continúa...)

para que en situaciones de urgencia o cuando sea impráctico acudir al foro sentenciador, la petición de fianza en apelación se presente por primera vez ante el foro apelativo intermedio.

B. En este caso, el Tribunal de Primera Instancia **abusó de su discreción** al denegar sin fundamentos la petición de fianza del señor Arlequín Vélez. López Rodríguez v. Otero Ramos, supra, pág. 182; Pérez Aldarondo v. Tribunal Superior, supra, págs. 8-9. Precisamente por ese proceder, el peticionario acudió al foro intermedio. Así, el Tribunal de Apelaciones tuvo ante sí la tarea que rehuyó el foro sentenciador: adjudicar de forma fundamentada la petición de fianza del señor Arlequín Vélez.

Como expuse anteriormente, la Regla 198(c) de Procedimiento Criminal, supra, y su jurisprudencia interpretativa, otorgan discreción a los tribunales para conceder una petición de fianza en apelación, siempre y cuando su decisión este fundamentada en el expediente y en la argumentación de las partes. El Tribunal de Apelaciones consideró que el recurso del señor Arlequín Vélez plantea "al menos dos cuestiones sustanciales", esto es, que tenían **probabilidades** de éxito. Apéndice, pág. 3.

---

Apelaciones, acompañada de copias de la solicitud hecha al tribunal sentenciador, sellada con la fecha y hora de su presentación, y de su dictamen, de una transcripción de la prueba, si se hubiere presentado alguna, y de un breve informe exponiendo las razones por las cuales se considera errónea la resolución".

El Tribunal de Apelaciones ejerció su discreción debidamente. En primer lugar, los dos errores que el Tribunal de Apelaciones catalogó como sustanciales son de estricto derecho. Por ello, no había que esperar por una transcripción de la prueba o a que se elevaran los autos del foro sentenciador. Es decir, para analizar la sustancialidad de los planteamientos del señor Arlequín Vélez bastaba considerar el escrito de apelación, la petición de fianza y la posición del FEI. Cuando el Tribunal de Apelaciones expresó que necesitaba la transcripción y el expediente original del caso se refería a lo que precisaba para resolver, sin lo cual no podía prejuzgar los méritos de la controversia. No se refería a la sustancialidad jurídica de los señalamientos de error.

Al respecto, y sin prejuzgar los méritos de la controversia, basta señalar aquí que como segundo error en su apelación, el señor Arlequín Vélez argumentó que no se presentó prueba de uno o más elementos del delito contenido en el Art. 4.2(b) de la Ley de Ética Gubernamental, supra. Ese delito dispone que: "Un servidor público no puede utilizar los deberes y las facultades de su cargo ni la propiedad o los fondos públicos para obtener, directa o indirectamente, para él o para una persona privada o negocio, cualquier beneficio que no esté permitido por ley". Íd. El señor Arlequín Vélez señaló que ese delito va dirigido más bien a combatir la corrupción pública. La Ley de Ética Gubernamental define beneficio

como "cualquier provecho, utilidad, lucro o ganancia, sin limitar el término a una ganancia pecuniaria o material, sino que denota cualquier forma de ventaja". 3 LPRA sec. 1854(i). El señor Arlequín Vélez argumenta que acosar sexualmente a una persona no es un **beneficio o ventaja** que prohíbe la Ley de Ética Gubernamental, sino una **conducta** que el Código Penal tipifica como delito. Más aun, si el señor Arlequín Vélez prevalece en ese señalamiento, su pena de cárcel se reduciría a seis meses, es decir, una condena de delito menos grave. Eso le daría derecho a prestar fianza en apelación, sin más. Regla 198(b) de Procedimiento Criminal, supra.

C. En torno a los criterios de carácter del convicto y seguridad social, de la resolución del foro apelativo intermedio se desprende que ese tribunal consideró la posición de las partes respecto a la concesión de fianza y que también concluyó, a la luz del expediente, la inexistencia de razones que aconsejaran denegar la petición del convicto. Nótese que en su conclusión, ese foro citó nuestra jurisprudencia que le compele a evaluar la naturaleza del delito y el carácter del convicto. Apéndice, pág. 5. Por esa razón, no puedo concluir que el Tribunal de Apelaciones no consideró el carácter del señor Arlequín Vélez y el riesgo que este pueda presentar para la sociedad.[3]

---

[3] En la evaluación del carácter del señor Arlequín Vélez y los riesgos sociales que su excarcelación supone, el
(continúa...)

Más aun, no puede pasar desapercibido que el **FEI no se opuso a la petición de fianza que se presentó en el Tribunal de Apelaciones.** Es decir, donde único se puede apreciar una oposición a ese remedio por parte del FEI es en un escrito en el Tribunal de Primera Instancia. Apéndice, págs. 43-52. Así, dada la naturaleza adversativa de nuestro sistema, el tribunal apelativo intermedio estaba autorizado a considerar la petición de fianza **sin oposición.** Recordemos que el Tribunal de Apelaciones consolidó las dos apelaciones presentadas por el señor Arlequín Vélez. En ese sentido, el FEI tuvo oportunidad para oponerse a esa petición a nivel apelativo.

Además, aun si se consideran los argumentos planteados por el FEI en primera instancia, en torno al carácter del acusado y la seguridad social, vemos que estos **no son persuasivos ni controvierten las alegaciones del señor Arlequín Vélez en su petición de fianza.** Para justificar la concesión de fianza, tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones, el señor Arlequín Vélez elaboró extensamente en torno a la sustancialidad o probabilidades de éxito de los errores planteados en su escrito de apelación, que los delitos por

---

Tribunal de Apelaciones dispuso: "[N]o aparenta haber controversia sobre el hecho de que el Apelante no tiene antecedentes penales, ni surge del récord que presente riesgo significativo de fuga. Tampoco podemos concluir, sobre la base del récord disponible y la argumentación del FEI, que el Apelante constituya un 'peligro para la sociedad'". *Pérez Aldarondo*, 102 DPR a la pág. 7; *López Rodríguez*, 118 DPR a la pág. 180". Apéndice, pág. 5.

los que fue hallado culpable no son delitos de violencia y que compareció cabalmente a todas las etapas procesales del juicio criminal. Asimismo, el señor Arlequín Vélez arguyó, en torno a su carácter, que merecía que se le otorgara fianza en apelación porque tenía sesenta y tres años de edad, ha sido servidor público dese 1975, es un buen padre de familia, hijo, vecino querido en el pueblo de Guayanilla, que nunca ha sido convicto por delito grave alguno y que no representa un riesgo para la sociedad. También argumentó que padece de ciertas condiciones de salud que le requieren estar bajo tratamiento médico continuo. Con esto abordó los criterios guías que impone la Regla 218(b) de Procedimiento Criminal, 34 LPRA Ap. II, R. 218(b), sobre fijación de fianza.

Por su parte, en su moción en oposición ante el Tribunal de Primera Instancia, el FEI cuestionó la sustancialidad de los planteamientos en apelación. En cuanto al carácter del señor Arlequín Vélez, el FEI se limitó a señalar los delitos por los cuales este fue condenado. Sin embargo, **nunca controvirtió** las alegaciones del señor Arlequín Vélez en torno a la ausencia de condenas anteriores, o la naturaleza del delito, ni presentó otra consideración que aconsejase denegar la fianza solicitada. No es suficiente alegar que el foro sentenciador tuvo que tomar medidas cautelares para mantener la solemnidad de los procesos judiciales el día del fallo y sentencia por una supuesta conducta

desordenada, **sin especificar cuál**, máxime cuando se pretende achacar al señor Arlequín Vélez, los actos que supuestamente cometieron otros en sala.

Así, pues, vemos que el Tribunal de Apelaciones no erró ni usó "frases ambiguas" para concluir que no existía controversia en torno a la segunda parte del estándar de la Regla 198(c) de Procedimiento Criminal. Todo lo contrario, discutió los criterios de la Regla 198(c) de Procedimiento Criminal, supra, previo a conceder la petición de fianza. Simplemente no existía controversia en torno a las alegaciones del señor Arlequín Vélez ni una oposición al remedio que este solicitó ante el Tribunal de Apelaciones. No veo por qué debemos darle un segundo turno al bate al FEI para que elabore argumentos que no presentó oportunamente ante el Tribunal de Apelaciones.

IV.

Como adelanté en el trasfondo procesal, un panel regular de apelaciones atendió la moción de reconsideración que presentó el señor Arlequín Vélez el 15 de enero de 2016. Sin embargo, luego de analizar detenidamente lo ocurrido, considero que no hubo irregularidad alguna en el trámite interno del caso en el Tribunal de Apelaciones.

El 26 de junio de 2015, se emitió la Orden Administrativa Núm. DJ 2015-212 en la que se designó el panel de apelaciones VIII para atender los recursos provenientes de las Regiones Judiciales de Ponce y Guayama

(panel regular) a partir del 6 de julio de 2015. Ese panel regular estaba compuesto por los jueces Hon. Germán J. Brau Ramírez como su Presidente, Hon. Abelardo Bermúdez Torres y Hon. Roberto Sánchez Ramos. No obstante, con las cercanías de las festividades navideñas y los cierres de la Rama Judicial decretados por la Jueza Presidenta, la Jueza Administradora del Tribunal de Apelaciones produjo la Orden Administrativa Núm. TA-2015-234 para atender recursos urgentes que se presentaran entre el 21 de diciembre de 2015 al 8 de enero de 2016. De hecho, en las disposiciones generales de esa orden se destaca que "los recursos nuevos que no sean de carácter urgente se retendrán en la Secretaría del Tribunal de Apelaciones hasta que sean asignados al panel regular correspondiente". Orden Administrativa Núm. TA-2015-234, pág. 3. Siguiendo esa línea, la orden precitada establece que una vez el panel especial atienda el asunto urgente "la presidenta o el presidente del panel especial **devolverá las tres copias del expediente a la Secretaría del Tribunal de Apelaciones, en donde se retendrán hasta su reasignación al panel regular correspondiente**". (Énfasis suplido) Íd., pág. 4.

En fin, un recurso ordinario, como lo sería una apelación, presentado durante la vigencia de la Orden Administrativa del Tribunal de Apelaciones se mantendría en la secretaría de ese tribunal para su asignación posterior al **panel regular,** luego de concluido el receso

navideño. Sin embargo, toda moción o solicitud de carácter **urgente** presentada en el mismo periodo debía ser atendida por un panel especial, según lo dispuesto en esa orden administrativa. Atendida la moción, el expediente se reasigna al panel regular cuando este se reintegre a sus labores.

En este caso, el señor Arlequín Vélez presentó su apelación el 21 de diciembre de 2015. Luego de que el Tribunal de Primera Instancia "atendió" su petición de fianza, el peticionario presentó una *Moción **urgente** para solicitar la imposición de fianza* el 29 de diciembre de 2015. Apéndice, pág. 61. No obstante, debido a que el señor Arlequín Vélez creyó incorrectamente que había presentado su apelación de forma prematura, presentó una "segunda" apelación junto a otra *Moción **urgente** para solicitar la imposición de fianza* el 7 de enero de 2016. Apéndice, pág. 89. Así, de conformidad con la Orden Administrativa TA-2015-234, esa petición **urgente** de fianza fue atendida por el panel especial designado para los días 7 y 8 de enero de 2016, mientras el panel regular estaba de vacaciones.

Como ya expliqué, el panel especial estuvo constituido por dos días para atender mociones de carácter urgente. La solicitud de reconsideración se presentó el 15 de enero de 2016, es decir, siete días después de que el panel

especial se disolviera.[4] Por esa razón, es perfectamente normal que el panel regular atendiera esa moción. Lo contrario, es decir, que el panel especial resolviera esa moción de reconsideración hubiese constituido una verdadera "anomalía impermisible". Opinión disidente, pág. 32.

En ese sentido, es irrelevante lo dispuesto en la Regla 84(c) del Reglamento del Tribunal de Apelaciones, supra, pues no estamos ante la situación en la que un panel regular reconsidera la actuación de otro panel regular. Así, pues, para efectos de esa regla es inconsecuente que los jueces que constituyeron el panel especial sigan en funciones. Lo determinante es que el mismo panel estuviese constituido. En cambio, si la moción de reconsideración se hubiera presentado con carácter de urgencia mientras estuvo constituido el panel especial, habría sido ese panel especial y no el regular el encargado de atenderla. Sin embargo, eso no fue lo que ocurrió aquí.

V.

En fin, estoy convencido de que un análisis desapasionado del tracto procesal y de nuestro ordenamiento llevan a concluir que el Tribunal de Apelaciones no erró en la concesión de la petición de

---

[4] El 19 de enero de 2016, entró en vigor la Orden Administrativa DJ 2016-4 que constituyó el Panel IX de Apelaciones con los jueces Hon. Germán J. Brau Ramírez como su Presidente, Hon. Abelardo Bermúdez Torres, Hon. Gerardo Flores García, Hon. Roberto Sánchez Ramos.

fianza en apelación del señor Arlequín Vélez. Tampoco hubo un trámite irregular en la constitución del panel regular del Tribunal de Apelaciones que atendió el recurso.


                              RAFAEL L. MARTÍNEZ TORRES
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>    Peticionario<br><br>      v.<br><br>Edgardo Arlequín Vélez<br><br>    Recurrido | CC-2016-0050 | |

Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco, a la cual se une el Juez Asociado señor Rivera García.

En San Juan, Puerto Rico, a 10 de marzo de 2016.

En esta semana este Tribunal osciló como péndulo desarmonizado para decidir los méritos de una controversia constitucional no justiciable, intentando así modificar nuestra doctrina de autolimitación judicial. Véase, Torres Montalvo v. García Padilla, res. 7 de marzo de 2016, 2016 TSPR ___; 194 DPR ___ (2016). Hoy cuatro (4) jueces miembros de esta Curia examinan la jurisdicción de los tribunales a base de meras alegaciones de las partes, las cuales son contradictorias con la evidencia clara que existe en autos y, por tanto, intiman haber modificado principios trascendentales tales como que los tribunales son quienes tienen el deber último de examinar su jurisdicción y que las partes no pueden voluntariamente conferir jurisdicción.

Esos mismos cuatro (4) jueces de este Tribunal deciden permanecer inertes ante la concesión de una fianza en apelación al Sr. Edgardo Arlequín Vélez, sin que este haya demostrado tener derecho a la misma. Lo que es peor, conscientes de los gravísimos errores cometidos por el Tribunal de Apelaciones, han optado por sostener al foro apelativo intermedio so color de una discreción prohibida por la Regla 198 de Procedimiento Criminal, *infra*.

Por entender que el Tribunal de Apelaciones se precipitó al conceder la fianza en apelación sin evaluar los elementos exigidos por las Reglas de Procedimiento Criminal y nuestra jurisprudencia a esos efectos, disiento.

I

La controversia central del caso de epígrafe tiene como origen una determinación del Tribunal de Apelaciones mediante la cual se le concedió al Sr. Edgardo Arlequín Vélez (en adelante, Arlequín Vélez o convicto) una fianza en apelación al amparo de la Regla 198 de Procedimiento Criminal, 34 LPRA Ap. II, R. 198. No obstante, para lograr la plena comprensión de las controversias que presenta el caso de referencia, a continuación detallamos con rigor los hechos pertinentes.

El 17 de diciembre de 2015 el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI), emitió un fallo de culpabilidad en contra del señor Arlequín Vélez por infracciones al Artículo 4.2(b) de la

Ley Núm. 1-2011, según enmendada, conocida como "Ley de Ética Gubernamental de Puerto Rico de 2011"[5] y al Artículo 135 del Código Penal de Puerto Rico de 2012[6] (acoso

---

[5] La acusación lee, en lo pertinente, de la siguiente forma:

> Cometido en **Guayanilla, Puerto Rico**, allá para el periodo comprendido entre el 18 de junio de 2013 a 13 de junio de 2014 de la siguiente manera:

> El referido acusado, **Edgardo Arlequín Vélez**… siendo alcalde del Municipio de Guayanilla, Puerto Rico, en el periodo antes mencionado…, ilegal, voluntaria, intencional y criminalmente, utilizó los deberes y facultades de su cargo como alcalde del Municipio de Guayanilla, la propiedad pública municipal, así como los fondos públicos para obtener para él un beneficio por ley. Consistente en que el acusado hizo unos acercamientos de naturaleza sexual para obtener un favor sexual de Lumari Torres Pérez quien era su subalterna y ocupaba el puesto de Subdirectora de Programas Federales en junio de 2013 en la propia oficina de la Alcaldía, y en julio de 2013 en la casa privada de la señora Torres le solicitó que lo recibiera en el cuarto del Hotel Conrad para el cual se utilizó fondos públicos municipales para que pernoctaran allí mientras asistían a un adiestramiento ofrecido por el Departamento de Vivienda Federal (HUD), y posteriormente en el periodo antes indicado en reuniones en su oficina. Ante los rechazos de los acercamientos sexuales utilizando los deberes y facultades de su cargo le impuso una amonestación a la v[í]ctima el 31 de marzo de 2014 y el 6 de mayo de 2014, solicitó una opinión a OCAM con el propósito de eliminar el puesto que esta ocupaba como subdirectora de Programas Federales. Además, los actos de acercamientos de naturaleza sexual no deseados cometidos por el acusado tenían el objetivo de obtener o de proporcionarse así mismo un beneficio o ventaja no permitido por Ley.

> Estos hechos son contrarios a la Ley, a la paz, a la honestidad y a la dignidad del Pueblo de Puerto Rico y la confianza en el desempeño de la función pública poniendo en duda la imparcialidad e integridad de la función gubernamental municipal[.]

[6] La denuncia lee, en lo pertinente, de la siguiente forma:

> Cometido en **Guayanilla, Puerto Rico**, allá para el periodo comprendido entre el 18 de junio de 2013 a junio de 2014 de la siguiente manera: [e]l referido imputado, **Edgardo Arlequín Vélez**, siendo alcalde del Municipio de Guayanilla, Puerto Rico, en el periodo antes mencionado y en el referido municipio…, ilegal, voluntaria, intencional y criminalmente, cometió el delito de acoso sexual contra Lumari Torres Pérez, empleada del Municipio de Guayanilla, y en el ámbito de una relación laboral, siendo el Sr. Edgardo Arlequín autoridad nominadora, jefe, patrono y supervisor inmediato de esta, solicitó favores de naturaleza sexual para sí sujetando las condiciones de

(continúa...)

sexual). 3 LPRA sec. 1857 (Supl. 2015) y 33 LPRA sec. 5196 (Supl. 2015), respectivamente. El convicto solicitó ese mismo día que se dictara Sentencia en el acto y renunció a la preparación del Informe Pre Sentencia.

En vista de ello, el TPI dictó Sentencia condenando al señor Arlequín Vélez a cuatro (4) años de cárcel por la violación al Art. 4.2(b) de la Ley Núm. 1, *supra.*

---

trabajo de la perjudicada para que se llevara a cabo lo solicitado o mediante el comportamiento sexual del imputado provocó una situación intimidatoria, hostil y humillante para la víctima. El acoso sexual consistió en que el imputado entre el 18 al 26 de junio de 2013 en su oficina, donde fungía como Alcalde, durante horas laborables le solicitó a la Sra. Lumari Torres Pérez, quien fungía como Subdirectora de Programas Federales del Municipio de Guayanilla, ver un tatuaje que esta tiene en su espalda. La Sra. Torres Pérez se negó a mostrarle el mismo y entonces el imputado le indicó que tenía su miembro viril erecto. Ella trató de salir de la oficina, este la agarró por su brazo derecho y le haló su blusa hacia él. Ella logró zafarse y el imputado tocándose su parte intima le dijo que se lo tenía que bajar su miembro viril porque lo tenía bien erecto. El domingo 28 de julio de 2013, el imputado se personó en horas de la noche a la casa de la señora Torres Pérez, e incurrió en otro acercamiento de naturaleza sexual no deseado al indicarle que se veía bien y que si lo iba a recibir en el cuarto del hotel, pues al día siguiente iban a comparecer a un seminario auspiciado por el Departamento de Vivienda Federal (HUD) y se iban a hospedar en el Hotel Conrad. Cada vez que la señora Torres Pérez tenía que asistir a la oficina del imputado este en múltiples ocasiones continuaba con su comportamiento sexual no deseado. Luego de esos incidentes la Sra. Lumari Torres Pérez se sintió intimidada, acosada y con miedo a represalias que pudiera hacerle el alcalde en contra de su persona y su trabajo [o] condiciones del mismo por haber rechazado los acercamientos sexuales. Como consecuencia de los rechazos de sus comportamientos sexuales el imputado el 31 de marzo de 2014 le impuso una amonestación a la Sra. Torres Pérez, y en mayo de 2014 hizo gestiones afirmativas para eliminar el puesto de la víctima. Los favores sexuales no deseados o el comportamiento sexual del imputado hacia la señora Torres Pérez, tuvieron el efecto de interferir irrazonablemente en el desempeño del trabajo de esta y crearon un ambiente laboral intimidante, hostil y ofensivo, produciendo en esta aislamiento, mostr[ándose] llorosa, sintiéndose esta avergonzada, humillada, destruida, devastada, desilusionada, indignada y se afectó su ambiente de trabajo tornándose en uno intimidante donde la Sra. Torres Pérez no podía trabajar con la tranquilidad y paz a la que tiene derecho todo empleado tanto en la esfera pública como privada.

Asimismo, impuso una pena de seis (6) meses de cárcel por el delito de acoso sexual.[7] Al día siguiente, 18 de diciembre de 2015, el señor Arlequín Vélez presentó una *Moción Urgente en Solicitud de Reconsideración*, mediante la cual solicitó la reconsideración de las penas impuestas.[8]

El 21 de diciembre de 2015 el señor Arlequín Vélez presentó un *Escrito de Apelación* ante el Tribunal de Apelaciones, aun cuando el TPI no había resuelto la solicitud de reconsideración presentada por el propio convicto.[9] A ese recurso apelativo le fue asignado el alfanumérico KLAN201501958. Ese mismo día el señor Arlequín Vélez presentó una *Moción para Solicitar la Imposición de Fianza en Apelación* ante el TPI.

Sin embargo, el señor Arlequín Vélez admitió, mediante moción presentada ante el Tribunal de Apelaciones, que su apelación adolecía de un defecto jurisdiccional por ser prematura. Ap. *Certiorari*, págs. 75-76. Por tal razón, el 7 de enero de 2016 *desistió* de la apelación identificada

---

[7] El TPI dispuso que las penas serían cumplidas concurrentemente.

[8] Por su parte, el Fiscal Especial Independiente presentó una *Moción en Oposición a la Reconsideración sobre la Pena Impuesta*, el 21 de diciembre de 2015.

[9] No fue hasta el 23 de diciembre de 2015 cuando el Tribunal de Primera Instancia declaró No Ha Lugar a la solicitud de fianza en apelación, así como la solicitud de reconsideración. Copia de la notificación de esta Resolución fue archivada en autos el 28 de diciembre 2015.

con el número KLAN201501958.[10] No obstante, ese mismo día presentó otro *Escrito de Apelación* al cual le fue asignado el alfanumérico KLAN2016000021.[11] También presentó ante el Tribunal de Apelaciones una *Moción Urgente para Solicitar la Imposición de Fianza en Apelación* en el caso KLAN2016000021.[12]

---

[10] El 8 de enero de 2016, el FEI presentó un *Escrito Solicitando Desestimación de la Apelación por Falta de Jurisdicción* en la primera apelación.

[11] Planteó los errores siguientes:

> **PRIMERO:** Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Ponce (Hon. Carlos Salgado Schwarz, Juez), al declarar No Ha Lugar la Moción en Solicitud de Desestimación y que se Determine la Inconstitucionalidad del Artículo 4.2 (B) de la Ley de Ética Gubernamental, a pesar de que el referido Artículo de Ley, es uno inconstitucional de su faz.

> **SEGUNDO:** Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Ponce (Hon. Carlos Salgado Schwarz, Juez), al declarar culpable y convicto al acusado-apelante de la infracción al Artículo 4.2 (B) de la Ley de Ética Gubernamental de Puerto Rico, a pesar de que hubo ausencia total de prueba en cuanto a uno o más de los elementos del delito.

> **TERCERO:** Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Ponce (Hon. Carlos Salgado Schwarz, Juez), al declarar culpable y convicto al acusado-apelante de los delitos imputados, a pesar de que la prueba de cargo no estableció su culpabilidad más allá de duda razonable y fundada, en violación al derecho constitucional del debido proceso de ley.

> **CUARTO:** Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Ponce (Hon. Carlos Salgado Schwarz, Juez), al determinar la inaplicabilidad de la restricción domiciliaria e imponerle al apelante una pena de reclusión carcelaria, sin tomar en consideración el principio de favorabilidad, y el espíritu de nuestro ordenamiento jurídico de que la pena debe ser lo menos restrictivo posible, para lograr sus propósitos.

> **QUINTO:** Erró el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Ponce (Hon. Carlos Salgado Schwarz, Juez), al celebrar un juicio plagado de errores en su tramitación, que hicieron que al compareciente no se le garantiza un juicio justo e imparcial, y se le violentara el debido proceso de ley, y otros.

[12] Esta solicitud de fianza fue declarada Con Lugar en reconsideración por otro panel del Tribunal de Apelaciones.

En dicha solicitud de fianza —presentada en primera instancia ante el Tribunal de Apelaciones— el convicto argumentó que planteaba cuestiones sustanciales en su recurso de apelación, tales como la alegada inconstitucionalidad del Artículo 4.2(b) de la Ley Núm. 1, *supra,* y la falta de evidencia que probara su culpabilidad más allá de duda razonable. Ap. *Certiorari*, págs. 91-94. Asimismo, adujo que los delitos por los cuales fue encontrado culpable no reflejan violencia, no representa riesgo para la sociedad y que padece de problemas cardiacos. Ap. *Certiorari*, págs. 96-97.

El 8 de enero de 2016, un Panel Especial del Tribunal de Apelaciones compuesto por su Presidente el Juez Piñero González, la Jueza Nieves Figueroa y la Jueza Vicenty Nazario,[13] emitió una Resolución[14] en el caso KLAN201600021 en la que declaró *Nada que Proveer* en torno a la solicitud de fianza en apelación.[15]

---

[13] Este Panel Especial fue constituido en virtud de la Orden Administrativa Núm. TA-2015-234, por motivo de las vacaciones programadas de los Jueces del Tribunal de Apelaciones durante los días festivos del mes de diciembre de 2015, y por razón de los cierres parciales decretados por la Rama Judicial.

[14] El señor Arlequín Vélez solicitó la desestimación del recurso presentado ante nos al entender que el apéndice presentado por el FEI no contiene una copia de la segunda y última página de la Resolución de 8 de enero de 2016, dictada por el Tribunal de Apelaciones. Sin entrar a los méritos de este argumento, podemos concluir que dicha solicitud carece de mérito toda vez que en el auto original consta copia íntegra de la referida Resolución.

[15] El foro apelativo intermedio entendió en esa ocasión que la solicitud de fianza en apelación en realidad era una

(continúa...)

El 15 de enero de 2016, el recurrido presentó una *Moción Urgente en Solicitud de Reconsideración* la cual fue **asignada al Panel IX del Tribunal de Apelaciones, Región Judicial de Ponce y Aibonito.**[16] Este Panel dejó sin efecto la Resolución emitida por el Panel Especial hermano y ordenó al TPI a que fijara la fianza en apelación. A su vez, consolidó la apelación del caso KLAN201501958 con la apelación del caso KLAN2016000021.

Inconforme con esta determinación, el 22 de enero de 2016 el Pueblo de Puerto Rico representado por el FEI, presentó la *Petición de Certiorari* que nos ocupa y planteó que el Tribunal de Apelaciones cometió los errores siguientes:

PRIMER ERROR: Incidió el Honorable Tribunal de Apelaciones al conceder una fianza en apelación sin cumplir con los requisitos que establece la Regla 198 de Procedimiento Criminal y la jurisprudencia de este Honorable Tribunal.

SEGUNDO ERROR: Incidió el Honorable Tribunal de Apelaciones al ordenar la consolidación de dos recursos que tenía ante sí, aun cuando el primero que se radicó no tenía jurisdicción por haberse radicado prematuramente.

TERCER ERROR: Incidió el Honorable Tribunal de Apelaciones al permitir que un panel del mismo Tribunal compuesto [por] jueces de la misma categoría entender y determinar sobre una reconsideración presentada ante otro panel

---

solicitud de revisión de la denegatoria de fianza en apelación del TPI, por lo que concluyó que debía ser tramitada como parte de un recurso de *certiorari*.

[16] Conforme a la Orden Administrativa DJ 2016-004 de la Rama Judicial, emitida 11 de enero de 2016, el Panel IX del Tribunal de Apelaciones quedó configurado por su Presidente el Juez Brau Ramírez, el Juez Bermúdez Torres, el Juez Flores García y el Juez Sánchez Ramos.

distinto y especial, el cual había hecho ya una primera u original determinación de no ha lugar. Ello en abuso de discreción y facultades concediendo así un remedio al cual no tiene derecho el convicto y en violación al Debido Proceso de Ley.

Conjuntamente con el recurso de *certiorari*, el FEI presentó un *Escrito Solicitando Orden en Auxilio de Jurisdicción* en el que nos solicitó que detuviéramos los procesos encaminados a la concesión de una fianza en apelación. Finalmente, el 9 de febrero de 2016 emitimos una Resolución mediante la cual paralizamos los procedimientos en los tribunales *a quo*. Además, le concedimos al señor Arlequín Vélez un término de cinco (5) días para que mostrara causa por la cual no se deba revocar la Resolución dictada por el Tribunal de Apelaciones el 19 de enero de 2016.

Con el beneficio de la comparecencia de ambas partes, resolvemos.

II

Nuestro Ordenamiento provee para que un acusado o convicto obtenga una fianza durante los procesos judiciales, ya fuera antes o después de un fallo condenatorio. En cuanto al primer supuesto, nuestra Constitución provee que "[t]odo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio". Artículo II, Sección 11 de la Constitución de Puerto Rico, 1 LPRA Const. PR, Art. II, sec. 11. *Véanse*, Reglas 218-228 de Procedimiento Criminal, 34 LPRA Ap. II, R. 218-228.

En cambio, la Constitución guarda silencio en torno a la fianza luego de que el acusado es convicto, por lo que hemos concluido que **no** existe un derecho constitucional a fianza en la etapa apelativa. Véase, <u>Pérez Aldarondo v. Tribunal Superior</u>, 102 DPR 1, 5 (1974). Esta distinción es lógica toda vez que

> [a]l ciudadano le favorece la presunción de inocencia, aun cuando se ha radicado acusación en su contra y se ha determinado causa probable. Pero, una vez ha mediado un proceso judicial que culmina en una adjudicación de culpabilidad más allá de duda razonable, lo más probable es que la adjudicación haya sido correcta.

<u>Pueblo v. Cortés Burgos</u>, 100 DPR 933, 936 (1972)(Voto Concurrente del Juez Asociado señor Martínez Muñoz). Véase, E.L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol. II, 1992, Editorial Forum, pág. 475.

La fianza en apelación se rige por la Regla 198 de Procedimiento Criminal la cual dispone, en lo pertinente, lo siguiente:

> Después de convicto un acusado, excepto en el caso de delitos que aparejen pena de reclusión de noventa y nueve (99) años, si éste entablare recurso de apelación o de certiorari para ante el Tribunal de Circuito de Apelaciones, se admitirá fianza:
>
> (a) Como cuestión de derecho, cuando se apele de una sentencia imponiendo solamente el pago de multa.
>
> (b) Como cuestión de derecho, cuando se apele de una sentencia imponiendo cárcel en delitos menos graves (misdemeanors).
>
> (c) **A discreción del tribunal sentenciador, o del Tribunal de Circuito de Apelaciones, en todos los demás casos. No se admitirá fianza en estos últimos casos cuando el recurso entablado no plantee una cuestión sustancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a**

**juicio del tribunal y para la protección de la sociedad,** la reclusión del convicto mientras se ventile el recurso. No se admitirá fianza alguna en estos casos sin antes dar al fiscal de la sala correspondiente oportunidad de ser oído. Salvo situaciones de verdadera urgencia o cuando ello resultare impráctico, **la solicitud de fianza deberá someterse en primer término al tribunal sentenciador y si éste la negare podrá presentarse al Tribunal de Circuito de Apelaciones, acompañada de copias de la solicitud hecha al tribunal sentenciador, sellada con la fecha y hora de su presentación, y de su dictamen, de una transcripción de la prueba, si se hubiere presentado alguna, y de un breve informe exponiendo las razones por las cuales se considera errónea la resolución.** (Énfasis suplido).

Según se puede apreciar de lo anterior, este precepto provee un derecho a fianza como cuestión de derecho *luego de un fallo condenatorio* cuando se apela de una sentencia que impone *solamente* un pago de multa o pena de cárcel en delitos menos graves; mientras que cuando se trate de delitos graves la fianza en apelación será concedida por los tribunales a manera "discrecional". <u>Pérez Aldarondo v. Tribunal Superior</u>, supra, págs. 5-6.

Ahora bien, la "discreción" de los tribunales no es irrestricta y mucho menos puede ser ejecutada precipitadamente en un vacío abstrayéndose de la prueba. Véase, <u>Pueblo v. Ortega Santiago</u>, 125 DPR 203, 211 (1990)(El concepto de discreción en el contexto judicial "no significa poder para actuar en una forma u otra, *haciendo abstracción* del resto del Derecho"). Sus contornos están claramente delimitados en la Regla 198 de Procedimiento Civil, *supra*, y nuestra jurisprudencia interpretativa. A esos efectos, hemos resuelto que al

adjudicar una solicitud de este tipo los tribunales *tienen* que evaluar los siguientes factores: (1) si el apelante plantea una cuestión sustancial en el recurso de apelación; (2) la naturaleza del delito; y (3) si el carácter y antecedentes penales del acusado así como el interés del Estado en la protección de la sociedad, aconsejan la reclusión del convicto.

A pesar de que la Regla 198 de Procedimiento Criminal, *supra*, parece indicar que los tribunales tienen discreción para conceder la fianza en apelación, la realidad es que de una lectura sosegada de la referida Regla se puede concluir que la otorgación de la fianza en apelación está **prohibida** en cualquiera de las siguientes situaciones: (1) el recurso entablado no plantee una cuestión sustancial; o (2) la naturaleza del delito o el carácter y antecedentes penales del acusado, aconsejen, a juicio del tribunal y para la protección de la sociedad, la reclusión del convicto mientras se ventile el recurso. Pérez Aldarondo v. Tribunal Superior, supra, págs. 6-7.

En otras palabras, la Regla 198 de Procedimiento Criminal, *supra*, **prohíbe que los tribunales concedan fianza en apelación "si el recurso no plantea una cuestión sustancial, independientemente de cuál sea la naturaleza del delito o el carácter y antecedentes del acusado".** Pérez Aldarondo v. Tribunal Superior, supra, pág. 7. (Énfasis suplido). Siguiendo ese mismo razonamiento, hemos reiterado que **"[t]ampoco se admitirá fianza si la**

**naturaleza del delito o el carácter del acusado mueven al tribunal a concluir que el acusado constituye un peligro para la sociedad, <u>independientemente de que el recurso pueda plantear una cuestión sustancial</u>**". *Id*.; <u>López Rodríguez v. Otero de Ramos</u>, 118 DPR 175, 180 (1986). (Énfasis suplido). Véanse por ejemplo, <u>Pueblo v. Díaz Díaz</u>, 105 DPR 170 (1976)(Revocamos una concesión de fianza en apelación toda vez que el TPI no tomó en consideración el historial penal del convicto y el menosprecio a la ley y los procedimientos judiciales, a pesar de que entendió que el convicto planteó una cuestión sustancial); <u>López Rodríguez v. Otero de Ramos</u>, supra (Confirmamos una denegatoria de fianza en apelación basándonos en la naturaleza de los delitos, la forma en que fueron cometidos y la peligrosidad de los acusados, independientemente de que no habían sido convictos anteriormente).

Para determinar si el convicto plantea una cuestión sustancial, los tribunales deben evaluar con detenimiento "los planteamientos en que se basa el ataque que en apelación habrá de hacerse al fallo del tribunal sentenciador y **las probabilidades de éxito de ese ataque**". <u>Pérez Aldarondo v. Tribunal Superior</u>, supra, pág. 6. (Énfasis suplido). Después de todo, cualquier convicto puede levantar un sinnúmero de controversias complejas que, incluso, puedan consistir en planteamientos

constitucionales. No obstante, eso por sí solo, no es suficiente.

La tarea de los tribunales es examinar, caso a caso, todos los planteamientos del convicto para determinar si tiene o no probabilidades de prevalecer en los méritos. En caso de que no exista una probabilidad real de prevalecer en los méritos, procede la denegatoria de la petición. Así por ejemplo, en Pueblo v. Martínez Padró, 91 DPR 536, 539 (1964)(Per Curiam), luego de que examinamos con detenimiento la transcripción del juicio así como la prueba documental, pudimos concluir que los planteamientos del convicto no constituían una cuestión sustancial, a pesar de que involucraban "complicados principios de derecho".

Sin lugar a dudas este análisis debe ser realizado sosegadamente, no de manera laxa o precipitada. Para cumplir con ese estándar, como regla general, los tribunales tendrán la necesidad de evaluar las transcripciones del juicio y la prueba presentada para llegar a una conclusión fundamentada. No es casualidad entonces que la propia Regla 198 de Procedimiento Criminal, *supra*, sugiera que junto con la solicitud de fianza en apelación sometida ante los tribunales apelativos, se acompañe una transcripción de la prueba.

En cuanto al proceso atinente a la solicitud de fianza de apelación, hemos resuelto que la Regla 198 de Procedimiento Criminal, *supra*, dispone que como regla

general esta solicitud debe presentarse ante el tribunal sentenciador. Naturalmente, es ese foro quien tuvo la oportunidad de evaluar la evidencia presentada en juicio y, por lo tanto, está en mejor posición para analizar los criterios provistos en la referida regla.

La función del Tribunal de Apelaciones y de este Tribunal consiste en la **revisión** de la determinación tomada en primera instancia por el tribunal sentenciador. Solo a manera de excepción, la Regla 198 de Procedimiento Criminal, *supra*, provee jurisdicción original a los tribunales apelativos en casos que el convicto demuestre que existe una situación de verdadera urgencia o cuando resulte impracticable presentar la solicitud ante el tribunal sentenciador. Pérez Aldarondo v. Tribunal, supra, pág. 7.

Como corolario de la función revisora, la Regla 198 de Procedimiento Criminal, *supra*, exige que la solicitud de fianza en apelación sea acompañada de copia sellada de la solicitud hecha al tribunal sentenciador, copia del dictamen del tribunal de instancia, la transcripción de la prueba —si se hubiere presentado— y lo que la regla llama un breve "informe" en el que se expongan las razones por las cuales entiende que la determinación del foro de instancia es errónea.

Es imperativo que el foro de instancia exprese los fundamentos por los cuales, a su juicio, la apelación carece de sustancialidad o que el interés en la protección

a la sociedad —*i.e.,* víctima, testigos, entre otros— impide que el convicto continúe en la libre comunidad. Véase, <u>Pérez Aldarondo v. Tribunal</u>, supra, pág. 9. De lo contrario, los foros apelativos no podrán estar en posición de revisar y adjudicar la petición de fianza.

III

A.

En el presente caso el señor Arlequín fue encontrado culpable del delito tipificado en el Artículo 4.2(b) de la Ley Núm. 1, *supra*, y del delito de acoso sexual. Aún pendiente la reconsideración de la Sentencia impuesta, el señor Arlequín Vélez recurrió al Tribunal de Apelaciones mediante el recurso de apelación KLAN201501958. Además, presentó una *Moción para Solicitar la Imposición de Fianza en Apelación* ante el TPI. En vista de que el recurso de apelación fue presentado mientras estaba pendiente la solicitud de reconsideración, el mismo fue prematuro y, en consecuencia, el Tribunal de Apelaciones carecía de jurisdicción para atenderlo. Véase, <u>Pueblo v. Santana Rodríguez</u>, 148 DPR 400 (1999). Véase en general, <u>Juliá et al. v. Epifanio Vidal, S.E.</u>, 153 D.P.R. 357 (2001); <u>Hernández v. Marxuach Const. Co.</u>, 142 D.P.R. 492, 497-498 (1997)(Per Curiam); <u>Rodríguez v. Zegarra</u>, 150 D.P.R. 649, 654 (2000)(Per Curiam). Véase además, <u>Mun. Rincón v. Velázquez Muñiz</u>, 192 DPR 989, 1004 (2015).

La presentación de un recurso prematuro como el KLAN201501958 carece de eficacia y no produce ningún

efecto jurídico. <u>Pueblo v. Santana Rodríguez</u>, supra, pág. 402; <u>Rodríguez Díaz v. Zegarra</u>, supra, pág. 654. De igual forma, la *Moción para Solicitar la Imposición de Fianza en Apelación* presentada ante el TPI debió tenerse por no puesta, toda vez que estaba fundada en un recurso de apelación nulo e inexistente jurídicamente.

El señor Arlequín Vélez aduce, no obstante, que su solicitud de reconsideración ante el TPI no paralizó el término jurisdiccional para acudir en apelación al tribunal apelativo intermedio, toda vez que dicha moción "no fue presentada para solicitar la reconsideración del fallo condenatorio, sino que fue presentada para que la sentencia impuesta fuera cumplida en restricción domiciliaria…". *Escrito para Mostrar Causa*, pág. 31. Sostiene, además, que el escrito de apelación fue presentado oportunamente el 21 de diciembre de 2015 toda vez que en esa misma fecha el TPI declaró No Ha Lugar oralmente a su solicitud de reconsideración, luego de haber escuchado los respectivos argumentos de las partes. *Id.*, págs. 30-31. Sin embargo, notamos que estos planteamientos desafían varios conceptos básicos del procedimiento criminal y hasta los propios actos del convicto.

La Regla 194 de Procedimiento Criminal, *supra,* dispone clara e inequívocamente que si una parte solicita la reconsideración de la Sentencia,

> el término para radicar el escrito de apelación
> o de *certiorari* **quedará interrumpido y el mismo**

> **comenzará a partir de la fecha en que se archive en autos la notificación** de la resolución del tribunal adjudicando la moción de reconsideración.

34 LPRA Ap. II, R. 194. (Énfasis suplido).

En este caso no hay duda que el convicto solicitó una reconsideración de la pena impuesta, es decir, de la Sentencia impuesta. *Véase*, Regla 162 de Procedimiento Criminal, 34 LPRA Ap. II, R. 162 ("El término 'sentencia' significa el pronunciamiento hecho por el tribunal en cuanto a la pena que se le impone al acusado"). En virtud de la Regla 194 de Procedimiento Criminal, *supra*, la solicitud de reconsideración tuvo el efecto de interrumpir el término para que el señor Arlequín Vélez recurriera al Tribunal de Apelaciones. Véase, <u>Pueblo v. Santana Rodríguez</u>, supra.

Conforme a la Regla 194 de Procedimiento Criminal, *supra*, el término para que el señor Arlequín Vélez recurriera al tribunal apelativo intermedio comenzó el 28 de diciembre de 2015, fecha en que se archivó en autos la notificación de la Resolución del tribunal sentenciador que adjudicó la moción de reconsideración. Así pues, resulta evidente que el recurso de apelación KLAN201501958 fue presentado prematuramente.

En la opinión de conformidad el Juez Asociado señor Martínez Torres acoge la teoría del señor Arlequín Vélez y concluye que el término para recurrir al Tribunal de Apelaciones comenzó el 21 de diciembre de 2015. Fundamenta su conclusión en que la solicitud de reconsideración fue

dictada en corte abierta y, en consecuencia, entiende que aplican las enmiendas a la Regla 194 de Procedimiento Criminal, *supra*, introducidas mediante la Ley Núm. 140-2013. Esta conclusión descansa en las alegaciones del señor Arlequín Vélez y en una moción presentada por el FEI ante el tribunal sentenciador.

Sin embargo, del expediente no surge evidencia en la cual pueda sostener tal alegación que incide directamente sobre la jurisdicción de los tribunales apelativos. Por el contrario, la evidencia que sí existe en autos consiste en la boleta de la notificación Resolución mediante la cual el tribunal sentenciador denegó la solicitud de reconsideración, y de cuyo lenguaje claro y preciso **se desprende que dicha Resolución fue dictada el <u>23 de diciembre de 2015</u>**, archivada en autos copia de su notificación el 28 de diciembre de 2015. Más aun, hemos examinado cuidadosamente la referida Resolución y de ella tampoco se desprende que el TPI haya hecho su dictamen en corte abierta. Por tanto, la conclusión a la cual llega la opinión de conformidad se basa en fundamentos especulativos, en especial cuando se pesan las alegaciones de las partes son contrarias a los dictámenes del tribunal sentenciador.

En ausencia de una minuta o documento alguno que nos permita concluir que el referido dictamen fue hecho en corte abierta, el señor Arlequín Vélez no nos puso en posición de interpretar las enmiendas introducidas a la

Regla 194 de Procedimiento Criminal, *supra*, y mucho menos en posición de examinar cuestiones jurisdiccionales a base de meras alegaciones. Véanse, <u>U.P.R. Aguadilla v. Lorenzo Hernández</u>, 184 D.P.R. 1001, 1013 (2012); <u>Pereira Suárez v. Jta. Dir. Cond.</u>, 182 D.P.R. 485, 509-510 (2011); <u>Alberty v. Bco. Gub. de Fomento</u>, 149 D.P.R. 655, 671 (1999).

Así pues, al aceptar como correctas meras alegaciones en cuanto a cuestiones jurisdiccionales, cuatro (4) jueces de este Tribunal parecen modificar implícitamente principios trascendentales sobre la jurisdicción de los tribunales, tales como que los tribunales son quienes tienen el deber último de examinar su jurisdicción y que las partes no pueden voluntariamente conferir jurisdicción. Véanse, <u>Asoc. Fotoperiodistas v. Rivera Schatz</u>, 180 DPR 920, 935-936 (2011); <u>González v. Mayaguez Resort & Casino</u>, 176 DPR 848, 855 (2009); <u>Pagán v. Alcalde Mun. De Cataño</u>, 143 DPR 314, 326 (1997); <u>Vázquez v. A.R.P.E.</u>, 128 DPR 513, 537 (1991). Nuevamente nos enfrentamos ante péndulo desarmonizado.[17]

En fin, le asiste la razón al FEI al plantear en su segundo error que el Tribunal de Apelaciones incidió al ordenar la consolidación del recurso KLAN201501958, máxime

---

[17] Parecería ser que la rigurosidad con la que examinábamos cuestiones jurisdiccionales es cosa del pasado. Debo suponer que al menos cuatro (4) jueces de este Tribunal, estarían dispuestos en el futuro a examinar su jurisdicción a base de las alegaciones y/o estipulaciones que hagan las partes, sin necesidad de examinar una minuta, boleta de notificación o evidencia del depósito en el correo de la resolución o sentencia recurrida.

cuando el Tribunal fue advertido oportunamente de la falta de jurisdicción. Ap. *Certiorari*, págs. 100-104. Véase, Yumac Home v. Empresas Massó, res. 5 de noviembre de 2015, 2015 TSPR 148, 194 DPR __ (2015)("[L]os tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida…"); Horizon v. JTA. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403 (2012)(Las cuestiones jurisdiccionales deben ser resueltas con preferencia a cualquier otro asunto).

B.

Ahora bien, consciente del grave e irreparable defecto de su recurso de apelación, el señor Arlequín Vélez desistió del mismo y presentó otro recurso de apelación en el caso KLAN2016000021, conjuntamente con una *Moción Urgente para Solicitar la Imposición de Fianza en Apelación* en ese mismo caso. Esta solicitud fue la que el Tribunal de Apelaciones concedió y hoy la revisamos.

El convicto argumentó en la solicitud de fianza que en su recurso de apelación planteó cuestiones sustanciales toda vez que "cuestion[ó] la constitucionalidad del artículo de ley por el cual fue procesado…". Ap. *Certiorari*, págs. 92-93. (Subrayado suprimido); véase, *Escrito Para Mostrar Causa*, pág. 21. Otra cuestión alegadamente sustancial que señaló consiste en que el FEI no probó su culpabilidad más allá de duda razonable. Ap. *Certiorari*, pág. 94; véase, *Escrito Para Mostrar Causa*, págs. 24-25. Además, adujo que los delitos por los

cuales fue encontrado culpable alegadamente no reflejan violencia y que de haber sido cometidos "por cualquier persona en Puerto Rico, serían catalogad[o]s como un delito menos grave". Ap. *Certiorari*, págs. 96-97; véase, *Escrito Para Mostrar Causa*, págs. 26-27.

En cuanto a su carácter, el señor Arlequín Vélez sostuvo que es una persona de sesenta y tres (63) años de edad, que fue servidor público desde el año 1975 y se desempeñó como Alcalde del Municipio de Guayanilla desde el año 2000 hasta el 2015. Adujo que es un buen padre, hijo, vecino, es querido en el pueblo donde vive, nunca ha sido convicto por delito grave, y no representa riesgo para la sociedad. Ap. *Certiorari*, pág. 97.[18]

Conforme a la discusión que antecede, el Tribunal de Apelaciones erró al atender la solicitud de fianza en primera instancia, sin permitir que el tribunal sentenciador adjudicara sus méritos mediante una decisión fundamentada. *Véase*, Regla 198 de Procedimiento Criminal, *supra*; Pérez Aldarondo v. Tribunal Superior, supra, págs. 7-9. Nótese que en el presente caso el convicto ni siquiera alegó que existieran circunstancias de "verdadera urgencia" o que hicieran "impráctica" la presentación de una solicitud de fianza ante el tribunal de instancia. Por

_____

[18] Por último, adujo que padece de una enfermedad coronaria severa, padece de alta presión, colesterol alto y problemas cardiacos en general, por lo que debe ingerir diversos medicamentos para sus condiciones. Véase, *Escrito Para Mostrar Causa*, págs. 28-29.

tal razón, el foro apelativo *a quo* debió abstenerse de adjudicar la petición de fianza.

Contrario a lo sugerido en la opinión de conformidad, el Tribunal de Apelaciones no podía abrogarse la autoridad para atender en primera instancia una solicitud de fianza en apelación por el simple hecho de que el TPI no expresó los fundamentos para denegarla. En su lugar debió ordenarle al tribunal sentenciador que evaluara la solicitud de fianza en apelación y emitiera una decisión fundamentada, o denegarla por incumplimiento con la Regla 198 de Procedimiento Criminal, *supra*.[19]

Por otro lado, al revisar el análisis del Tribunal de Apelaciones en torno a los méritos de la solicitud de fianza, colegimos que también cometió graves errores en su análisis. El Tribunal de Apelaciones concluyó que el convicto planteó cuestiones sustanciales en su apelación. Sin embargo, hemos leído con sumo detenimiento la Resolución de ese foro y nos hemos percatado que ni siquiera analizó las probabilidades de éxito de esos planteamientos. Véase, Pérez Aldarondo v. Tribunal Superior, supra, págs. 6-7. En su lugar, el tribunal apelativo intermedio expuso los planteamientos que el convicto señaló como sustanciales y a renglón seguido,

---

[19] Si bien es cierto que el TPI denegó la solicitud de fianza presentada el 21 de diciembre de 2015 ante ese foro, tal y como discutimos previamente, la referida petición debe tenerse por no puesta en la medida en que el recurso de apelación que sirvió como base para la solicitud de fianza era prematuro.

concluyó que los planteamientos constituían una cuestión sustancia y novel, sin ningún análisis o fundamento ulterior. Ap. *Certiorari*, pág. 5. Un razonamiento infundado como el del Tribunal de Apelaciones en este caso, no merece nuestra discreción.

Como cuestión de hecho, el Tribunal de Apelaciones consignó en su Resolución que no adelantaría su criterio en torno a los planteamientos del señor Arlequín **"pues no est[aba] en posición de hacerlo sin contar con el expediente completo del caso, así como con la transcripción de la prueba** que desfiló y la argumentación correspondiente de ambas partes…". Ap. *Certiorari*, pág. 5. (Énfasis suplido). Cabe señalar que al momento de conceder la fianza en apelación el Tribunal de Apelaciones contaba meramente con el lacónico recurso de apelación criminal el cual contiene únicamente los señalamientos de error. Ap. *Certiorari*, págs. 86-87.

Así pues, el foro apelativo intermedio reconoció la necesidad de contar con un recurso perfeccionado y la transcripción de la prueba, pero inexplicablemente evadió el análisis de sustancialidad y las probabilidades de éxito de los planteamientos del convicto. En ausencia de este análisis, el Tribunal de Apelaciones claramente se precipitó en concluir que el recurso planteaba una cuestión sustancial. Más aun, la carencia de una determinación en torno a la existencia de una cuestión sustancial conlleva irremediablemente la prohibición de la

discreción del foro apelativo intermedio a favor de la concesión de la fianza en apelación. Véase, <u>Pérez Aldarondo v. Tribunal Superior</u>, supra, pág. 7 (Cuando no existe una cuestión sustancial el tribunal carece de discreción para otorgar la fianza, independientemente de la naturaleza del delito o el carácter del acusado).

En la opinión de conformidad se concluye que el señor Arlequín Vélez levantó una cuestión sustancial en el segundo error planteado ante el Tribunal de Apelaciones. En específico, el convicto planteó que fue encontrado culpable por infracción al Artículo 4.2 de la Ley Núm. 1, *supra*, "a pesar de que hubo ausencia total de prueba en cuanto a uno o más de los elementos del delito".

Sin embargo, la opinión de conformidad en este caso también falla en proveer un análisis en torno a las probabilidades de prevalecer de este planteamiento de error y lo sustituye meramente por una exposición del argumento del señor Arlequín Vélez, sin adjudicar —y mucho menos fundamentar— las probabilidades que tiene ese argumento de prevalecer en los méritos. En vista de que los tribunales apelativos aún no hemos tenido el beneficio de analizar la prueba presentada en este caso, puedo comprender que esos cuatro (4) jueces de este Tribunal tampoco pueden emitir su juicio fundamentado a tales efectos. Es por esa razón que opinamos que la fianza en

apelación fue otorgada de manera precipitada, sin el rigor debido.[20]

Cabe señalar que el análisis en torno a la sustancialidad de los planteamientos no tiene que ser una "disertación exhaustiva" como erróneamente se sugiere en la opinión de conformidad. Empero, sí debe ser una determinación fundamentada. En ese sentido, opino que erró el tribunal apelativo intermedio al concluir que los planteamientos del señor Arlequín Vélez eran sustanciales, sin evaluar y fundamentar las probabilidades de que este prevaleciera en los méritos.

De otro lado, la Resolución del Tribunal de Apelaciones está huérfana del análisis en torno a la naturaleza de los delitos cometidos por el convicto. A esos efectos, pudo por ejemplo, haber considerado que en esta jurisdicción es política pública que los funcionarios del Estado deben mantener los más altos estándares de pulcritud, honestidad, integridad e imparcialidad. Solo así se garantiza el buen funcionamiento de las instituciones gubernamentales y la confianza de los ciudadanos en su gobierno. Véanse en general, OEG v. Santiago Guzmán, 188 DPR 215 (2013); Oficina de Ética Gubernamental v. Concepción Bonilla, 183 DPR 695 (2011);

---

[20] Si bien no descartamos la posibilidad de que los tribunales puedan examinar los méritos de un planteamiento puramente de Derecho, la realidad es que el segundo error sometido ante el Tribunal de Apelaciones está intrínsecamente relacionado a la prueba presentada por el FEI durante el juicio.

<u>Oficina de Ética Gubernamental v. Rodríguez</u>, 159 DPR 98 (2003).

Sin ánimo de adjudicar los méritos de los planteamientos sustantivos que el convicto pueda levantar en su apelación, también pudo haber considerado y sopesado el factor de que los delitos por los cuales el señor Arlequín Vélez fue convicto laceran la legitimidad y decoro de la gobernanza pública del Pueblo de Puerto Rico.

Como si ello fuera poco, el delito de acoso sexual conllevó la laceración de la dignidad e integridad de una mujer trabajadora, quien tuvo que confrontarse con un hostigamiento sexual intenso por parte de quien ostentaba la posición de Alcalde del gobierno municipal donde trabajaba. *Véase*, Ap. *Certiorari*, págs. 125-126.

Las acusaciones por las cuales fue convicto el señor Arlequín Vélez también reflejan que este hizo constantes y crudos acercamientos sexuales a la víctima, lacerando así su dignidad como mujer trabajadora. Como si ese ambiente laboral hostil y ofensivo fuera poco, los hechos en este caso indican que señor Arlequín Vélez llegó al punto de utilizar su poder como servidor público para imponerle a la víctima una amonestación y hasta realizó gestiones afirmativas para lograr su despido eliminando su puesto. Sin embargo, nada de esto fue considerado por el foro apelativo intermedio.

En cuanto al carácter y antecedentes penales del convicto, el Tribunal de Apelaciones concluyó que el señor

Arlequín Vélez "no tiene antecedentes penales, ni surge del récord que presente riesgo significativo de fuga". Ap. *Certiorari*, pág. 5. Asimismo, razonó que tampoco podía "concluir, sobre la base del récord disponible y la argumentación del FEI, que el señor Arlequín Vélez constituya un 'peligro para la sociedad'". Ap. *Certiorari*, pág. 5.

Sin embargo, el Tribunal de Apelaciones no tenía ante sí la evidencia suficiente para hacer una determinación en torno a la peligrosidad y el carácter del convicto. No es sorpresa entonces que para llegar a su conclusión, el foro apelativo intermedio tuvo que fundamentar su razonamiento en frases ambiguas tales como que "no aparenta haber controversia sobre el hecho de que el Apelante no tiene antecedentes penales, ni surge del récord que presente riesgo significativo de fuga". Ap. *Certiorari*, pág. 5. Esto no es suficiente. Es imperativo que los tribunales examinen y adjudiquen todas estas alegaciones con **rigor**.

No obstante, en la opinión de conformidad se señala que en la medida en que el FEI no presentó ante el Tribunal de Apelaciones una oposición a la solicitud de fianza en apelación, el tribunal apelativo intermedio estaba autorizado a considerar la petición de fianza sin oposición. Sin embargo, omite crasamente en su análisis considerar el lenguaje de la Regla 198 de Procedimiento Criminal, *supra*, la cual dispone expresamente que los tribunales apelativos **no admitirán fianza en apelación**

**"sin antes dar al Procurador General oportunidad de ser oído"**. (Énfasis suplido).

Además, la opinión de conformidad saca de contexto hechos trascendentales para llegar a la conclusión de que el FEI no presentó oposición a tales fines. Por esa razón, debe aclararse que si bien es cierto que el tribunal apelativo intermedio le proveyó oportunidad al FEI para que se expresara en torno a la solicitud de fianza en el caso KLAN201501958,[21] en esa ocasión el FEI solicitó la desestimación de la apelación y la solicitud de fianza por la primera haber sido presentada de manera prematura.

Como todos conocemos, esa solicitud de desestimación debió haber sido resuelta con preferencia a cualquier otro asunto planteado. Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 22 (2011). Sin embargo, el Tribunal de Apelaciones adjudicó la solicitud de fianza sin resolver la cuestión jurisdiccional y sin ofrecerle una oportunidad efectiva al FEI para que se expresara en torno a los méritos de la oposición del FEI.

En conclusión, en la medida en que el Tribunal de Apelaciones no realizó el análisis íntegro que exige la Regla 198 de Procedimiento Criminal, *supra*, y nuestra jurisprudencia, la realidad es que no tenía discreción para conceder a ciegas la fianza en apelación solicitada

---

[21] Valga señalar que en el recurso KLAN2016000021 nunca se le dio oportunidad al FEI para que se expresara en torno a la solicitud de fianza presentada en ese recurso.

por el señor Arlequín Vélez. Sin lugar a dudas, en este caso el Tribunal de Apelaciones se precipitó al conceder la fianza en apelación sin evaluar los elementos exigidos por la referida regla. Este Tribunal no tiene razón alguna por la cual otorgarle discreción a una determinación tomada por el Tribunal de Apelaciones arbitrariamente y sin los fundamentos que en Derecho corresponden.

C.

Por último, el FEI plantea en su tercer señalamiento de error que el Tribunal de Apelaciones incidió al asignar la solicitud de reconsideración a un panel distinto al que atendió el asunto originalmente. Le asiste razón.

La Regla 84 del Reglamento del Tribunal de Apelaciones dispone, en lo pertinente, como sigue:

> (C) Las mociones de reconsideración **serán resueltas, en lo posible, por el mismo panel que haya emitido la decisión,** asignándose su atención para el correspondiente informe a un Juez(a) distinto(a) de quien suscribió la orden, resolución o sentencia original.

4 LPRA Ap. XXII-B, R. 84.

La norma general en términos de asignación de las mociones de reconsideración en el Tribunal de Apelaciones, es que el panel que emite una decisión sobre un caso es quien debe atender la reconsideración. Como correctamente arguye el FEI, la asignación de una solicitud de reconsideración a un panel distinto al que emitió la decisión original, solo se permite vía excepción en aquellos casos en los que sea **imposible** la asignación de

la reconsideración al panel que emitió la decisión cuya reconsideración se solicita.

En este caso, la reconsideración de la denegatoria de fianza en apelación debió, por tanto, ser atendida por el Panel Especial que adjudicó en su origen la solicitud de fianza en apelación. Es decir, el Panel Especial compuesto por su Presidente el Juez Piñero González, la Jueza Nieves Figueroa y la Jueza Vicenty Nazario, era quien tenía la competencia para entender en la solicitud de reconsideración del convicto.

Cabe señalar que ese Panel Especial atendió la solicitud de fianza como consecuencia de una Orden Administrativa que creó unos paneles especiales con motivo de los días festivos y los cierres parciales decretados en la Rama Judicial. Véase, *Escrito Para Mostrar Causa*, pág. 10-13. No obstante, la realidad es que una Orden Administrativa no puede sobreseer o revocar las disposiciones reglamentarias emitidas por el Tribunal Supremo en sus facultades constitucionales.

Así pues, en la medida en que los jueces integrantes del Panel Especial continúan al día de hoy en el ejercicio de sus deberes ministeriales, es forzoso concluir que **era posible asignarle** a este mismo panel la solicitud de reconsideración, tal y como lo exige la letra clara de la Regla 84 del Reglamento del Tribunal de Apelaciones, *supra*.

Nótese que la Regla 84 del Reglamento del Tribunal de Apelaciones, *supra*, no hace distinción entre paneles "regulares" y paneles "especiales", sino que se refiere a los paneles de manera general. Es por esa razón que opinamos que la referida Regla es de aplicación tanto al primero así como al segundo tipo de panel.

En conclusión, el Tribunal de Apelaciones creó la anomalía impermisible en nuestro sistema jurídico consistente en que unos jueces de ese tribunal revisaron y revocaron una determinación de otros jueces de igual jerarquía. Esto atenta directamente contra la administración ordenada de nuestro sistema jerárquico de justicia toda vez que la autoridad para revisar, anular o revocar una determinación de un tribunal reside en otro tribunal de mayor jerarquía. Véase en general, Pueblo v. Pérez, 159 DPR 554, 559 (2003); véase además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico*, San Juan, Ed. Michie, 1997, pág. 317 (jurisdicción apelativa es la autoridad de un **tribunal de jerarquía superior** de revocar, anular, modificar o confirmar determinaciones de un tribunal de inferior jerarquía).[22]

IV

---

[22] Por último, es menester señalar que a pesar de que el Panel Especial no estaba constituido al momento en que se presentó la solicitud de reconsideración, la realidad es que este pudo haber sido constituido administrativamente –tal y como ocurre con cierta frecuencia tanto en el Tribunal de Apelaciones así como con las Salas Especiales de este Tribunal– para dar fiel cumplimiento a la Regla 84 del Reglamento del Tribunal de Apelaciones, *supra*.

A la luz de los fundamentos expuestos anteriormente, considero que la intervención de este Tribunal era necesaria y apropiada en este momento para proteger la seguridad de la sociedad. En consecuencia, revocaría la Resolución del Tribunal de Apelaciones mediante la cual se concedió una fianza en apelación al señor Arlequín Vélez, fechada el 19 de enero de 2016, sin perjuicio de que el Tribunal de Primera Instancia pudiera atender una nueva solicitud de fianza en apelación a tenor con la Regla 198 de Procedimiento Criminal, supra.

Mildred G. Pabón Charneco
Jueza Asociada